**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

No. 96-30591
(Summary Calendar)

---

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

FRANK J. MUSCARELLO,

Defendant-Appellee.

---

Appeal from the United States District Court
for the Eastern District of Louisiana

---

February 13, 1997

Before HIGGINBOTHAM, WIENER and BENAVIDES, Circuit Judges.

PER CURIAM:

In this direct criminal appeal, the government asks us to reverse the district court's dismissal of one count in a multi-count indictment to which Defendant-Appellee Frank J. Muscarello had pled guilty. Count Three charged Muscarello with knowingly using and carrying a firearm in relation to a drug-trafficking offense, in violation of 18 U.S.C. § 924(c)(1). Based on the presentence report (PSR), the court dismissed Count Three, to which Muscarello had already pled guilty and on which he had already been convicted. Agreeing with the government that the district court

erred in dismissing the firearms count, we reverse and remand for further proceedings consistent with this opinion.

I

FACTS AND PROCEEDINGS

Pursuant to a plea agreement, Muscarello pleaded guilty in May 1995 to drug charges and to "using and carrying" a firearm in relation to those crimes. The factual basis for the guilty plea, which was signed for approval by Muscarello's attorney, established that "[l]ocated inside the glove compartment of the Defendant Muscarello's Ford truck was a loaded firearm which the Defendant knowing [sic] possessed in his vehicle and carried for protection in relation to the above described drug trafficking offense" (emphasis added). Muscarello did not object to the factual basis supporting his convictions.

After Muscarello was thus convicted but prior to his being sentenced, the United States Supreme Court rendered its decision in Bailey v. United States,[1] significantly narrowing the "use" facet of § 924(c) (but not addressing the "carrying" facet). This prompted Muscarello to file a motion under Fed. R. Crim. P. 12(b)(2) to quash or dismiss the firearm count.[2] After holding a hearing on Muscarello's motion, the district court granted it,

_____

[1] 116 S.Ct. 501 (1995).

[2] Notwithstanding Muscarello's argument to the contrary, it is of no moment that the indictment charged that Muscarello carried "and" used a firearm rather than that he carried "or" used a firearm. See United States v. Pigrum, 922 F.2d 249, 253 (5th Cir.), cert. denied, 500 U.S. 936 (1991) (a disjunctive statute may be pleaded conjunctively and proved disjunctively).

dismissing and quashing Count Three.  In so doing, the district court chose no longer to credit the factual basis presented by the government and concurred in by Muscarello, but instead to switch its reliance exclusively to the following two paragraphs from Muscarello's post-conviction PSR:

> As to the weapon, Muscarello does not deny his possession of the pistol.  The pistol was in the glove compartment of his truck where it had been for a long period of time. He denies any conscious decision to carry the gun in relation to the marijuana sale, and stated that he carried in relation to his job with the Tangipahoa Parish Sheriff's office as balif [sic] at the courthouse in Amite.

> . . . .

> In 1954, [Muscarello] became constable of the 6th Ward of Tangipahoa Parish, a mostly rural area that included the farming community of Tickfaw.  He held this position until 1958.  In 1957 Tickfaw was incorporated, and Muscarello was elected Chief of Police in the town.  He maintained both positions until his term as constable expired in 1958.  Muscarello was the Chief of Police in Tickfaw until his retirement in 1987.  From 1987 until his arrest on December 8, 1994, he was employed with the Tangipahoa Parish Sheriff's office, working as a bailiff in the 21st Judicial District Courthouse, Amite, Louisiana.

The court stated that "[t]he equities herein favor [Muscarello]" and concluded that Muscarello "did not knowingly possess in relation to a drug-trafficking crime," but that "[t]o the contrary, defendant, his employment background considered, knowingly possessed in the glove compartment of his vehicle in furtherance of his job requirements and not for active employment in the charged transaction."

The government moved for reconsideration but the district court denied that motion despite its acknowledgment that

3

Muscarello, "in the guilty plea colloquy, [had] acquiesced in and admitted to the government's factual basis[.]" The court went on to note that "this [was] a pre-<u>Bailey</u> composition by the government and a pre-<u>Bailey</u> consideration by defendant and his counsel." The court then quoted the foregoing paragraphs from Muscarello's PSR again, and repeated the conclusion that Muscarello "did <u>carry</u> a firearm in a locked glove compartment of his vehicle, but not <u>in relation</u> to the commission of a drug-trafficking crime." The case is before us for review by virtue of the government's timely filing of a notice of appeal.[3]

II

ANALYSIS

To support a conviction under § 924(c), the evidence must prove that the Defendant (1) used or carried a firearm, (2) during and in relation to a drug-trafficking offense.[4] The government concedes that, after <u>Bailey</u>, the evidence in the instant case will not support a conviction for <u>use</u> under § 924(c). The government nevertheless contends that, as <u>Bailey</u> did not address the <u>carrying</u> facet of § 924(c), our prior jurisprudence on carrying remains

---

[3] We have jurisdiction under 18 U.S.C. § 3731, which permits the government to appeal from "an order of the district court dismissing an indictment . . . as to any one or more counts[.]" <u>See</u> <u>United States v. Mann</u>, 61 F.3d 326, 330-31 (5th Cir.), <u>cert. denied</u>, 116 S.Ct. 434 (1995). Section 3731 gives the government 30 days in which to appeal, and here the government's motion to reconsider was filed within the 30-day period, extending the time in which to appeal and thus recommencing the running of the 30-day period on the date the government's motion was denied. <u>United States v. Brewer</u>, 60 F.3d, 1142-1143 (5th Cir. 1995).

[4] 18 U.S.C. § 924(c).

4

applicable, and the factual basis is more than sufficient to support Muscarello's conviction for carrying the firearm. We agree. Our recent decision in United States v. Rivas recognizes that Bailey does not alter our prior precedent analyzing the "carrying" facet of § 924(c), at least when the gun is possessed in a motor vehicle.[5] Consequently, "the `carrying' requirement of § 924(c) is met if the operator of the vehicle knowingly possesses the firearm in the vehicle during and in relation to a drug trafficking crime.'"[6] Although none question that (1) the possession element of the carrying facet of § 924(c) was met by the uncontested fact that Muscarello knowingly possessed a loaded pistol in the glove compartment of his truck, or (2) the gun was thus possessed "during" the commission of the drug-trafficking crime, the district court determined on the basis of the PSR that the "in relation to" element was not present. We conclude that the district court clearly erred in this determination, and did so as a result of two errors of law. First, the district court erred in discrediting and disregarding the factual basis concurred in by Muscarello, by characterizing it as a "pre-Bailey composition by the government and a pre-Bailey consideration by Defendant and his counsel." Although that might be a valid legal basis for disregarding the factual basis as to the use facet of § 924(c), it is a legal non sequitur when the carrying facet is under scrutiny.

---

[5] 85 F.3d 193, 195 (5th Cir. 1996), petition for cert. filed, (U.S. Nov. 5, 1996) (No. 96-6558).

[6] Id. (quoting United States v. Pineda-Ortuno, 952 F.2d 98, 104 (5th Cir.), cert. denied, 504 U.S. 928 (1992).

It follows that the court's disregard of the factual basis was legal error. Second, the court erred in relying on Muscarello's post-conviction self-serving declaration to the probation officer, recounted in the PSR, regarding his subjective intent in possessing the pistol in the truck that he used in facilitating his illicit drug trafficking. Under the circumstances of this case, the court should not have allowed the PSR to supplant the formal plea agreement, given the defendant's knowing and voluntary concurrence, and that of his counsel, in the clear and unambiguous factual basis for that plea.

III

CONCLUSION

The Supreme Court decision in Bailey addressed the use facet of § 924(c) but did not address the carrying facet. Although Bailey indirectly heightened the focus on the carrying facet of § 924(c) by narrowing the use facet, it did nothing to invalidate our pre-Bailey "carrying" jurisprudence, at least as to those instances of drug trafficking that involve the use of motor vehicles in which firearms are possessed. We recognized in United States v. Pineda-Ortuno[7] that "[w]hen a vehicle is used, `carrying' takes on a different meaning from carrying on a person because the means of carrying is the vehicle itself." Thus, for example, the fact that the glove compartment was locked does not prevent conviction.[8] This is not to say, however, that every time a gun is

---

[7] 952 F.2d 98 (5th Cir.), cert. denied, 504 U.S. 928 (1992).

[8] Id. at 104.

knowingly possessed in a vehicle and the vehicle is used during and in relation to the commission of a drug-trafficking crime, the firearm is, as a per se matter of law, carried in relation to a drug-trafficking offense for purposes of § 924(c). Albeit a rarity, it is at least conceivable for such a vehicle-contained gun to be carried "during" but not necessarily "in relation to" the offense.

When, as here, the defendant knowingly possesses a firearm in a motor vehicle and uses the vehicle during the commission of the underlying crime, then as a matter of law the firearm is carried during a drug-trafficking offense for purposes of § 924(c). It matters not that the government confected the factual basis in the instant case before the decision in Bailey, or that Muscarello's knowing and voluntarily agreement with the accuracy of the factual basis predated Bailey. Neither does it matter that, according to the PSR, Muscarello subjectively intended to possess the firearm in connection with his bailiffing job and not in connection with his drug-trafficking crime when he has already knowingly and voluntarily signed on to a plea agreement with a factual basis that expressly includes the "in relation to" element.

The district court erred both in disregarding the factual basis for Muscarello's guilty plea and in relying on the content of the PSR regarding Muscarello's subjective intention. As this reliance led the district court to err in dismissing Count Three of the indictment, we (1) reverse that dismissal, (2) reinstate Count Three of the indictment and Muscarello's conviction thereon

7

pursuant to his guilty plea, (3) vacate the sentence imposed to the extent that Muscarello's guilt on the firearms charge was not considered in calculating the sentence, and (4) remand the case to the district court for reimposition of Muscarello's conviction on Count Three and for resentencing. In so doing, we observe that what constitutes "carrying" under § 924(c) when the firearm is possessed in the motor vehicle differs substantially from what constitutes carrying a firearm in a non-vehicle situation. Thus our pronouncements today regarding carrying a firearm should not be applied in a non-vehicle situation without closely scrutinizing the effects of this distinction and questioning charily whether our vehicle case jurisprudence is properly applicable to a non-vehicle case, and vice versa.

DISMISSAL REVERSED; DISMISSED COUNT AND CONVICTION THEREON REINSTATED; SENTENCE VACATED; and CASE REMANDED for resentencing.