United States Court of Appeals,

Fifth Circuit.

No. 95-60468.

UNITED STATES of America, Plaintiff-Appellee,

v.

Donnie Howard McPHAIL, Defendant-Appellant.

May 12, 1997.

Appeal from the United States District Court for the Northern District of Mississippi.

Before REAVLEY, KING and BARKSDALE, Circuit Judges.

REAVLEY, Circuit Judge:

Donnie McPhail appeals the district court's denial of his habeas petition filed pursuant to 28 U.S.C. § 2255. We find that in light of the Supreme Court's recent ruling in *Bailey v. United States,* --- U.S. ----, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), there was insufficient evidence to support McPhail's conviction for using or carrying a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). Accordingly, we vacate McPhail's § 924(c)(1) conviction and dismiss that charge.

Donnie McPhail and his two sisters, Sarah and Lou Carolyn, were convicted by a jury on four counts of drug-related offenses and two counts of using or carrying a weapon in violation of § 924(c)(1), one firearms count specific to Donnie and the other naming the sisters. The convictions and corresponding sentences were affirmed by this court on direct appeal. Each of the McPhails subsequently filed a § 2255 petition, focusing primarily on ineffective assistance of counsel claims. Because of the nearly identical arguments asserted in the petitions, the district court consolidated the three motions. The court denied the consolidated motion and the McPhails timely filed an appeal. After this court denied their motion for appointment of appellate counsel, the McPhails failed to prosecute their appeal. Thereafter, the Supreme Court issued its decision in *Bailey* which clarified what the Government must show to establish "use" of a firearm under § 924(c)(1).

After *Bailey* was decided, Sarah and Lou Carolyn McPhail moved to reinstate their appeal,

and this court granted the request. The Government confessed error to concede that under *Bailey* the evidence was insufficient to sustain the jury's verdict on the firearms count as to the McPhail sisters. Sarah and Lou Carolyn's convictions under § 924(c)(1) were vacated and the case was remanded. Afterward, Donnie McPhail moved to reinstate his appeal, and this court granted his motion.

McPhail filed his notice of appeal prior to the amendment of 28 U.S.C. § 2253 by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 (1996). We therefore have jurisdiction without issuing a certificate of appealability. *See United States v. Rocha,* 109 F.3d 225 (5th Cir.1997).

Donnie McPhail adopts his sisters' arguments on appeal. The Government, however, does not concede error with respect to Donnie McPhail's § 924(c)(1) conviction. Because McPhail did not raise a sufficiency of the evidence challenge before the district court, we review the court's denial of his § 2255 petition for plain error. *See Douglass v. United Serv. Auto. Ass'n,* 79 F.3d 1415, 1424 (5th Cir.1996). Under this standard, we may exercise our discretion to correct errors that seriously affect the fairness, integrity, or public reputation of judicial proceedings if the appellant shows clear or obvious error that affects his substantial rights. *United States v. Calverley,* 37 F.3d 160, 162-64 (5th Cir.1994).

The evidence at trial showed that government agents retrieved eight weapons from the McPhails' home in close proximity to a large quantity of marijuana and one gun from Donnie McPhail's car. The Supreme Court held in *Bailey* that in order to convict a defendant for a § 924(c)(1) violation on a "use" theory, the government must present evidence sufficient to show active employment of the firearm. *Bailey,* --- U.S. at ---- - ----, 116 S.Ct. at 508-09. It is no longer enough to show that the defendant merely stored a weapon near drugs or drug proceeds to establish that the defendant used the weapon during or in relation to drug trafficking activities. *Id.*

Whether *Bailey* applies retroactively to cases pending on collateral review has been questioned in this circuit. *See United States v. Andrade,* 83 F.3d 729, 730 n. 1 (5th Cir.1996). The decision in *Bailey* articulates the substantive elements that the government must prove to convict a

person charged with using a firearm under § 924(c)(1). It explains what conduct is, and has always been, criminalized by the statute. This is a substantive, non-constitutional decision concerning the reach of a federal statute. Because *Bailey* does not present a new rule of criminal procedure, and therefore does not implicate the retroactivity analysis set forth in *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), it applies retroactively to cases on collateral review. *See Davis v. United States,* 417 U.S. 333, 341-47, 94 S.Ct. 2298, 2302-06, 41 L.Ed.2d 109 (1974); *United States v. McKie,* 73 F.3d 1149, 1153 (D.C.Cir.1996); *United States v. Dashney,* 52 F.3d 298, 299 (10th Cir.1995).

The Government concedes that Donnie McPhail's conviction cannot stand on a "use" theory after *Bailey* and that it cannot stand on a "carry" theory with respect to the guns found in the house. The Government contends, however, that the evidence regarding the gun found in McPhail's car was sufficient to show that McPhail carried the weapon in relation to drug trafficking. When a defendant during a drug transaction places a gun in a car and then drives the car to another location, the defendant has carried the gun for purposes of § 924(c)(1). *United States v. Fike,* 82 F.3d 1315, 1328 (5th Cir.1996). The Government argues that the weapon recovered from McPhail's car, in conjunction with the universal knowledge that guns facilitate the drug trade and the fact that McPhail had been involved in drug trafficking for months, is sufficient to show that McPhail carried the gun in his car while engaging in drug-related activities. We disagree.

The fundamental element of carrying under *Fike* is actual transportation of the weapon in relation to the drug transaction. The Government failed to present any evidence at trial that McPhail ever drove the car anywhere, much less transported the firearm while doing so. In fact, the Government did not even show that the vehicle was operable. Moreover, there was no evidence that the gun was transported during or in relation to drug trafficking. The Government suggests that one can assume that McPhail carried the gun in his car while on drug-related business. A reasonable trier of fact might suppose but could not find that to be the fact on this evidence.

The Government did not attempt to prove at trial that McPhail carried any of the weapons since the evidence was more than sufficient to establish "use" under § 924(c)(1). That evidence

became insufficient after the Supreme Court's decision in *Bailey*. No reasonable trier of fact could find that McPhail actually carried the firearm in connection with drug trafficking activities from the evidence presented, and the Government is barred by double jeopardy from presenting more evidence on the carry theory. McPhail's conviction cannot stand based upon his co-conspirators' § 924(c)(1) convictions since those convictions have been vacated. *See United States v. Wilson,* 105 F.3d 219, 221 (5th Cir.1997) (holding that even after *Bailey,* a co-conspirator may be held responsible under § 924(c) for the acts that another member of the conspiracy took in pursuit of their unlawful scheme). Accordingly, we vacate Donnie McPhail's § 924(c)(1) conviction and dismiss the charge on that count.

AFFIRMED IN PART, REVERSED IN PART. REMANDED.