United States Court of Appeals,

Fifth Circuit.

No. 96-50539.

UNITED STATES of America, Plaintiff-Appellee,

v.

Chuck HARLAN, Defendant-Appellant.

Dec. 30, 1997.

Appeal from the United States District Court for the Western District of Texas.

Before REYNALDO G. GARZA, KING and BENAVIDES, Circuit Judges.

PER CURIAM:

In December, 1990, Chuck Harlan pleaded guilty to one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841 and 846, and one count of using and carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c). The district court sentenced Harlan to 63 months imprisonment on the narcotics count and 60 months imprisonment on the firearms count, to run consecutively as required by § 924(c).

After an unsuccessful appeal and the district court's denial of Harlan's motion to vacate his sentence, Harlan now appeals the district court's denial of his subsequent motion, under 28 U.S.C. § 2255, to vacate his § 924(c) conviction in light of the Supreme Court's decision in *Bailey v. United States,* --- U.S. ----, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). Section 924(c) imposes

1

liability for using *or* carrying a firearm during and in relation to a drug trafficking offense. Although *Bailey* did restrict the scope of the "use" prong of § 924(c) by requiring "active employment" of the firearm, that decision left the "carry" prong of § 924(c) unmodified. *See Bailey* --- U.S. at ----, 116 S.Ct. at 509 ("The "carry' prong of § 924(c)(1), for example, brings some offenders who would not satisfy the "use' prong within the reach of the statute."); *accord United States v. Muscarello,* 106 F.3d 636, 638 (5th Cir.1997) ("*Bailey* does not alter our prior precedent analyzing the "carrying' facet of § 924(c), at least when the gun is possessed in a motor vehicle."), *cert. petition filed,* 65 U.S.L.W. 3728 (Apr. 18, 1997) (No. 96-1654). The district court properly applied Fifth Circuit precedent regarding the "carry" prong of § 924(c); therefore, we affirm the district court's denial of Harlan's § 2255 motion.

In the factual basis to Harlan's guilty plea, the government stated that, on May 14, 1990, Harlan delivered approximately 215 grams of methamphetamine to an undercover officer and that, upon Harlan's arrest, officers found two semiautomatic handguns in the trunk of his car, including a .32 caliber semiautomatic handgun. The factual basis for Harlan's guilty plea stated that five days before his arrest, Harlan "advised the [undercover] officer that he carried a handgun in his car to protect himself should one of his drug deals go wrong." Furthermore, after reading the factual basis

2

in court, the prosecutor asked Harlan, "As to the weapons that were found in your vehicle, isn't it true that you had told the officer earlier that those were, that you had carried weapons for your protection?" Harlan replied, "Yes, sir." The factual basis also stated that police found either one or several .32 caliber bullets in Harlan's pockets, and an additional 22.4 grams of methamphetamine inside Harlan's car.

*Analysis*

The factual basis for Harlan's guilty plea adequately supports his conviction under the "carry" prong of § 924(c)(1). In *Muscarello,* this Court held that:

> When, as here, the defendant knowingly possesses a firearm in a motor vehicle and uses the vehicle during the commission of the underlying crime, then as a matter of law the firearm is carried during a drug-trafficking offense for purposes of § 924(c).

106 F.3d at 639. This Court held that the factual basis for a defendant's guilty plea, which stated that the defendant possessed and carried a loaded firearm in the glove compartment of his truck for protection in relation to drug trafficking offenses, adequately supported the defendant's conviction under the "carry" prong of § 924(c)(1). *Id*. at 638-39. Similarly, here, the factual basis for Harlan's guilty plea states that, a few days prior to his arrest, Harlan told the undercover officer that he "carried a handgun in his car to protect himself should one of his drug deals go wrong." In addition, in open court, Harlan admitted telling the undercover

3

officer that he kept the firearms in his car for that purpose. Accordingly, as in *Muscarello,* the evidence in the present case supports Harlan's conviction under the "carry" prong of § 924(c)(1).

Harlan's conviction under § 924(c)(1) was proper because he transported a firearm in relation to a drug transaction. It does not matter that the firearms at issue were in the trunk of Harlan's car. *Muscarello* pointed out that "the fact that the glove compartment was locked does not prevent conviction." *Id.* at 639. The same holds true if the firearm is in the trunk, as § 924(c) is not so narrow as to require that the firearm be "immediately accessible" to the defendant in order to convict.

Although some courts have held that the "carry" prong of § 924(c) requires that the firearm be "immediately accessible" to the defendant, *see United States v. Cleveland,* 106 F.3d 1056, 1065-68 (1st Cir.1997) (discussing apparent circuit split), immediate accessibility is not the test in the Fifth Circuit. Recently, in *United States v. McPhail,* 112 F.3d 197 (5th Cir.), *rehearing en banc denied,* 119 F.3d 326 (5th Cir.1997), this Court held that the fundamental element of carrying a weapon for purposes of the "carry" prong of § 924(c)(1) is actual transportation of the weapon in relation to the drug transaction. 112 F.3d at 199; *see also United States v. Thompson,* 122 F.3d 304, 307 (5th Cir.1997) (""[C]arry' in § 924(c)(1) involves moving or transporting the

4

firearm in some fashion, or bearing the firearm upon one's person in some way. It is clear that "carry' connotes more than mere possession."). *McPhail* more specifically held that placing a gun in a car and then driving to another location constitutes "carrying" for purposes of § 924(c)(1). *Id.* As *McPhail* specifically describes the conduct which forms the basis of Harlan's § 924(c)(1) conviction, that conviction satisfies the requirements for conviction under the "carry" prong of § 924(c)(1). Although this Court has held that mere possession of a firearm in the home or elsewhere is insufficient to support a conviction, *see, e.g., United States v. Tolliver,* 116 F.3d 120 (5th Cir.), *cert. denied, Sterling v. United States,* --- U.S. ----, 118 S.Ct. 324, --- L.Ed.2d ----, 1997 WL 592674 (1997) Harlan's case is obviously distinguishable because he did actually transport the firearm.

*Conclusion*

Here, as in *Muscarello,* the factual basis for the defendant's guilty plea establishes that the defendant knowingly possessed and transported a firearm in a motor vehicle during the commission of a drug trafficking crime. The factual basis also establishes that Harlan carried the firearms in his car for protection in case one of his drug deals took a turn for the worse, thereby satisfying § 924(c)'s requirement that the defendant carried the firearms "in relation to" the drug trafficking offense. 18 U.S.C. § 924(c). The district court properly found that *Bailey* did not affect the

5

"carry" prong of § 924(c) and correctly applied Fifth Circuit law in denying Harlan's motion to vacate his conviction.  Accordingly, we hereby AFFIRM the district court's decision below.

AFFIRMED.