# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

No. 96-60455
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARGARET JO CHRISTMAN,

Defendant-Appellant.

Appeal from the United States District Court
For the Northern District of Mississippi
(CRW91-37-S-D)

January 28, 1998

Before POLITZ, Chief Judge, JOLLY and STEWART, Circuit Judges.

PER CURIAM:[*]

We granted Margaret Jo Christman a certificate of appealability on the

district court's denial of her motion under 28 U.S.C. § 2255 to vacate, set aside, or

correct her sentence. Christman was convicted by a jury of conspiracy, possession

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of marihuana with intent to distribute, and using or carrying a firearm during a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1). Her section 2255 motion pertains to the firearm offense. Concluding that the record supports Christman's conviction for carrying a firearm, we affirm. Christman's motion for appointment of counsel on appeal is denied.

Background

Christman and her husband Michael were arrested in their Chevrolet Blazer after Michael sold marihuana to an informant. At the time of their arrest, Michael told the officers that there was a gun in the console between the front seats. The trial evidence reflects that Christman had the gun in her jacket pocket when she entered the car and that she placed it in the console. Her convictions and sentences were affirmed on appeal.[1] After the decision of the Supreme Court in **Bailey v. United States**,[2] Christman moved for post-conviction relief which the district court denied.

Analysis

Section 924(c)(1) is violated when a defendant "during and in relation to any

---

[1] **United States v. Christman**, 988 F.2d 1210 (5th Cir. 1993).

[2] _____ U.S. _____, 116 S.Ct. 501 (1995).

crime of violence or drug trafficking crime . . . uses or carries a firearm."[3] Although we previously required only the presence of a gun for a conviction under the use prong of the statute,[4] the Supreme Court in **Bailey** defined "use" and held that the government must produce evidence "sufficient to show an active employment of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense."[5]

In light of **Bailey**, Christman contends that the facts of her offense do not support a conviction under the "use" prong of the statute. It is evident from the record, however, that the jury was adequately instructed on the elements of "carrying" a firearm and the evidence is ample to support Christman's conviction for that offense. Evidence that a firearm has been transported in a vehicle and was knowingly possessed during and in relation to a drug offense satisfies the carrying requirement of section 924(c)(1).[6] Christman had a gun in her jacket pocket which she stored in the console of the vehicle prior to the sale of drugs to the informant.

---

[3] 18 U.S.C. § 924(c)(1).

[4] **United States v. Ivy**, 973 F.2d 1184 (5th Cir. 1992).

[5] **Bailey**, _____ U.S. at _____, 116 S.Ct. at 505.

[6] See **United States v. Pineda-Ortuno**, 952 F.2d 98 (5th Cir. 1992); **United States v. Hall**, 110 F.3d 1155 (5th Cir. 1997); **United States v. Muscarello**, 106 F.3d 636 (5th Cir. 1997).

Even though the record supports her conviction under the carrying prong of section 924(c)(1), Christman maintains that her sentence must be vacated for a new trial on the carrying theory only. We do not agree. The jury instructions, read in their entirety, appropriately instructed the jury as to the carrying prong of the statute. Christman's jury was not told that mere possession was sufficient for a conviction. The teachings of **Bailey** do not require the new trial Christman demands.

AFFIRMED.