IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-40676
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES JEROME BAKER,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
(1:96-CV-82)

March 23, 1998

Before JOHNSON, JONES and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Federal Prisoner Charles Jerome Baker appeals the district court's denial of his motion to vacate filed pursuant to 28 U.S.C. § 2255. Specifically, Baker argues that the evidence produced at trial was insufficient to support his conviction and that the trial court's jury instructions were inadequate.

Baker first argues that the evidence presented at trial was insufficient to support his conviction for carrying a firearm in violation of 42 U.S.C. § 924(c). This Court examined Baker's

_____

[*] Pursuant to 5th CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th CIR. R. 47.5.4.

evidentiary complaints and concluded sufficient evidentiary support existed to support his conviction.  See United States v. Baker, No. 92-4845 (5th Cir. May 31, 1993).  However, because the Supreme Court examined the standards for evidentiary sufficiency under § 924(c) in Bailey v. United States, 116 S.Ct. 501 (1995), Baker claims that this Court must reconsider its holding.

Though Bailey did interpret portions of § 924(c), the "carrying" prong of the statute, the prong under which Baker was convicted, was not affected in factual settings where the gun in question is possessed in a motor vehicle.  United States v. Muscarello, 106 F.3d 636, 638 (5th Cir. 1997).  Because Baker was indicted and convicted under the "carrying" prong of § 924(c)(1) for possessing a gun in a motor vehicle, there is no need to revisit the previous determination of evidentiary sufficiency.  Accordingly, the Court need not entertain this issue, for "issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 motions."  United States v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986).

Next, Baker contends that the trial court's jury instructions were inadequate in light of Bailey.  Because this issue was not raised in the district court, the Court's review will be for plain error only.  Highlands Ins. Co. v. National Union Fire Ins. Co., 27 F.3d 1027, 1031-32 (5th Cir. 1994).  After a careful review of the record, the arguments, and the controlling authorities, the Court

2

holds that no reversible error was committed.[1]

Therefore, for the foregoing reasons, the judgment of the district court is AFFIRMED.

---

[1]Under Federal Criminal Rule of Procedure 52(b), this Court may correct forfeited errors only when an appellant shows that there is an error, the error is clear or obvious, and the error affects his substantial rights. United States v. Calverly, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc), cert. denied, 513 U.S. 1196 (1995). Even if these factors are established, the Court may decline to exercise its discretion and correct the error unless the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. McDowell, 109 F.3d 214, 216 (5th Cir. 1997).