IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-50246
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS RAUL TORRES-JAUREQUI,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. P-96-CV-09
- - - - - - - - - -
March 19, 1998
Before WISDOM, WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

Luis Raul Torres-Jaurequi appeals from the district court's order dismissing his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  Torres-Jaurequi argues that the district court erred in finding no significant variance between the indictment and the evidence where the indictment accused him of importing methamphetamine into the United States but the evidence shows he never entered into the United States, but remained in customs territory.  He further argues that the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court erred in finding that trial counsel had been ineffective for not challenging that variance, for failing to challenge a variation in the *Allen* charge, and for failing to request an independent lab report of the drugs seized in the offense. We have reviewed the record and the briefs and find that Torres-Jaurequi has not demonstrated error, much less plain error pertaining to the indictment for importation of methamphetamine. *See United States v. McPhail*, 112 F.3d 197, 199 (5th Cir. 1997); *United States v. Calverley*, 37 F.3d 160, 162 (5th Cir. 1994)(en banc), *cert. denied*, 513 U.S. 1996 (1995); *United States v. Armstrong*, 951 F.2d 626 (5th Cir. 1992). As Torres-Jaurequi's argument concerning the language of the indictment is without merit, he has plainly failed to demonstrate that his defense was prejudiced by counsel's failure to assert any such error at trial. *See Lowery v. Estelle*, 696 F.2d 333, 343 (5th Cir. 1983).

Torres-Jaurequi also argues that his attorney was ineffective for failing to adequately challenge the modified *Allen* charge delivered by the court at trial. *See Allen v. United States*, 164 U.S. 492, 501-02 (1996). We examined that issue on direct appeal and found no error. *United States v. Torres-Jaurequi*, No. 94-50233 at 5 n.5 (5th Cir. Aug. 3, 1995)(unpublished). As there was no error with regard to the *Allen* charge, Torres-Jaurequi's counsel could hardly have been deficient for failing to object to it. *See Lowery*, 696 F.2d at

343.  Similarly, as the Government's laboratory report showed the substance from Torres-Jaurequi's car tested positive for approximately 22,000 grams of D-methamphetamine of 86% purity, a demand by counsel for an independent lab report would have proved futile, and there was no plain error in counsel's not requesting a second report.  *See McPhail,* 112 F.3d at 199; *Lowery*, 696 F.2d at 343.

AFFIRMED.