IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-50673
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

DOUGLAS FITZGERALD BLEDSOE,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. P-96-CA-23
- - - - - - - - - -
April 2, 1998

Before JONES, SMITH, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Douglas Fitzgerald Bledsoe, federal prisoner # 55871-080,
appeals the district court's denial of his motion to vacate, set
aside, or correct his sentence pursuant to 28 U.S.C. § 2255.
Bledsoe argues that his conviction for using and carrying a
firearm during and in relation to a drug-trafficking offense
under 18 U.S.C. § 924(c) should be vacated in view of the Supreme
Court's decision in Bailey v. United States, 116 S. Ct. 501
(1995).  The factual basis of Bledsoe's guilty plea supports his

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

conviction under the "carrying" prong of § 924(c) as the factual basis establishes that Bledsoe knowingly possessed the firearm in the vehicle during and in relation to a drug-trafficking offense. See United States v. Rivas, 85 F.3d 193, 195 (5th Cir.), cert. denied, 117 S. Ct. 593 (1996). The firearm need not have been immediately accessible to Bledsoe in order for Bledsoe's conviction to be upheld under the "carrying" prong of § 924(c). See United States v. Harlan, 130 F.3d 1152, 1153-54 (5th Cir. 1997); United States v. Muscarello, 106 F.3d 636, 639 (5th Cir.), cert. granted, 118 S. Ct. 621 (U.S. Dec. 12, 1997)(Nos. 96-1654, 96-8837). The grant of certiorari in Muscarello does not alter the authority of our decision; thus, we continue to follow our precedent even when the Supreme Court grants certiorari on an issue. See Wicker v. McCotter, 798 F.2d 155, 157-58 (5th Cir. 1986). The district court did not err in holding that Bledsoe's conviction should be affirmed under the "carrying" prong of § 924(c) and denying Bledsoe's § 2255 motion.

AFFIRMED.