IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-50896
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SPENCER HAYWARD BLAIN, JR.,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC Nos. MO-97-CA-70 & MO-91-CR-79-3
- - - - - - - - - -

November 4, 1998

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Spencer Hayward Blain, Jr., federal prisoner # 17508-077, has appealed the district court's dismissal of his 28 U.S.C. § 2255 motion to vacate.

The district court granted Blain a certificate of appealability (COA) on his claims that his counsel was ineffective (1) for not having objected to certain alleged trial errors; (2) for deficient performance relative to a RICO forfeiture; and (3) for not having presented grounds for

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentencing leniency.  Since Blain has abandoned these claims by failing to brief them, his appeal will be dismissed as frivolous. 5TH CIR. R. 42.2; Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

The district court denied relief, and denied a COA, on Blain's claim that his counsel was ineffective for failing to seek dismissal of the indictment for violation of Blain's right to a speedy trial.  Blain may not appeal the district court's ruling on this claim unless this court grants his application for a COA relative to it.  28 U.S.C. § § 2255(c).  We review Blain's claim for plain error because he asserts, on appeal for the first time, that the delay of his trial resulted primarily from the court reporter's delay in providing the transcript of a previous trial, which is not excludable under the Speedy Trial Act. See United States v. McPhail, 112 F.3d 197, 199 (5th Cir. 1997); but see United States v. Cervantes, 132 F.3d 1106, 1109 (5th Cir. 1998) (the court does not consider § 2255 issues raised for the first time on appeal).  Because Blain has not "made a substantial showing of the denial of a constitutional right" in regard to this claim, as required by § 2253(c)(2), his application for a COA is DENIED.

COA DENIED; APPEAL DISMISSED.