IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-40981
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ARNALDO BAKER,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:96-CV-14
- - - - - - - - - -

December 30, 1998

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Arnaldo Baker, federal prisoner # 08434-021, appeals the district court's denial of his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Baker's motion for leave to file a reply brief out of time is GRANTED.

Baker argues that his counsel was ineffective in failing to advise him of the mandatory minimum five-year sentence for a conviction under 18 U.S.C. § 924(c). The record establishes that Baker was advised by the district court and his counsel that the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

mandatory minimum sentence for a violation of § 924(c) was five years.

Baker argues that his counsel was ineffective in failing to raise an affirmative defense that he lawfully possessed the firearm while traveling under Texas Penal Code Ann. § 46.03; he relies on United States v. Prieto-Tejas, 779 F.2d 1098 (5th Cir. 1986). Baker's reliance on Prieto-Tejas is misplaced as it involved a conviction under 18 U.S.C. § 924(c)(2) which at the time of Prieto-Tejas's conviction had different elements than § 924(c)(1). Baker was convicted of violating § 924(c)(1), using and carrying a firearm during and in relation to a drug-trafficking offense. Section 46.03 of the Texas Penal Code does not provide a defense to § 924(c)(1).

Baker argues that he is actually innocent of violating § 924(c). The factual basis of Baker's guilty plea establishes that Baker knowingly carried the firearm in his vehicle during and in relation to a drug-trafficking offense. The firearm carried in a vehicle need not be immediately accessible to be carried within the meaning of § 924(c). See United States v. Muscarello, 106 F.3d 636, 638 (5th Cir. 1997), aff'd, 118 S. Ct. 1911 (1998); United States v. Harlan, 130 F.3d 1152, 1153-54 (5th Cir. 1997).

For the first time on appeal, Baker argues that the Government improperly amended the indictment to allege a violation of § 924(c)(1). The record shows that Baker was indicted for a violation of § 924(c)(1) and Baker agreed to plead

guilty to a violation of § 924(c)(1) in the plea agreement. The Government did not amend the indictment in this case. Baker has not shown plain error as to this claim. See Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

For the first time on appeal, Baker argues that the Government breached the plea agreement by failing to dismiss counts one and two of the indictment. The record shows that the Government moved to dismiss counts one and two of the indictment at the sentencing hearing and the district court granted the motion as to Baker.

Baker also challenges the constitutionality of the stop and search of his vehicle. This court addressed this issue in Baker's direct appeal and held that the stop and search of his vehicle was reasonable under the Fourth Amendment. United States v. Baker, 47 F.3d 691 (5th Cir. 1995). Because Baker raised this issue on direct appeal, he may not raise it again in a § 2255 motion. See United States v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986).

AFFIRMED; MOTION FOR LEAVE TO FILE REPLY BRIEF OUT OF TIME GRANTED.