# UNITED STATES COURT OF APPEALS
## FIFTH CIRCUIT

_____

No. 99-50485

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

PATRICK CLARK,

Defendant - Appellant.

Appeal from the United States District Court
For the Western District of Texas

July 26, 2001

Before EMILIO M. GARZA and  PARKER, Circuit Judges, and ELLISON[*], District Judge.

EMILIO M. GARZA, Circuit Judge:

In light of the impact that *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) has wrought in sentencing above maximum statutory limits, we REMAND to the district court to reconsider its ruling denying Patrick Clark an amendment to his § 2255 motion

---

[*]     District Judge of the Southern District of Texas, sitting by designation

based on futility in light of *Apprendi*.[1]

---

[1]      By remanding this case, we express no opinion on how the district court should resolve that issue. In reconsidering whether Clark's amendment is futile the district court may need to determine whether *Apprendi* announces a substantive change in the law requiring retroactivity under *Davis v. United States*, 417 U.S. 333, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974) (allowing a defendant to assert in a § 2255 proceeding, a claim based on an intervening substantive change in the interpretation of a federal criminal statute) or a change in procedure requiring application of *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989) (under *Teague* the district court must determine the date on which the conviction became final, whether a new rule was announced, which is procedural and not substantive, and, pending that determination, whether any exceptions apply). Because of the difficulty and importance of the retroactivity issue, the district court should consider whether to appoint counsel for Clark.

ROBERT M. PARKER, Circuit Judge, dissenting:

I dissent from the panel's decision to remand this case for reconsideration in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). This case presents a purely legal question that requires no further action by the district court and I would therefore decide, prior to remand, this issue which has been squarely presented and adequately briefed.

Patrick Clark (federal prisoner # 61006-080) appeals the denial of his motion to vacate, set aside or correct his sentence filed pursuant to 28 U.S.C. § 2255. We granted Clark a certificate of appealability to determine whether the district court erred in denying him leave to amend his § 2255 motion based on the futility of his claim that the amount of cocaine base is an element of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) that must be alleged in the indictment.

In 1994, a federal grand jury charged Clark in a two-count indictment with conspiracy to possess with intent to distribute cocaine base and with possession "with intent to distribute cocaine base, a Schedule II Controlled Substance in violation of Title 21 United States Code, Section 841(a)(1)." Clark pleaded guilty pursuant to a plea agreement to Count Two, possession with intent to distribute cocaine base, and was sentenced to a term of life imprisonment. This court determined that he had waived his right to appeal in his plea agreement and dismissed his direct appeal.

*See United States v. Clark*, No. 94-50730 (5th Cir. Mar. 28, 1996)(unpublished).

In 1997, Clark filed the present § 2255 motion. The magistrate judge found no cognizable constitutional errors and recommended that the motion be denied. Clark filed objections to the magistrate judge's findings and recommendation, arguing for the first time that his indictment was defective because it failed to allege the applicable penalty provision under § 841(b). The district court treated the objection as a motion to amend the § 2255 motion. On March 26, 1999, the district court determined that it would be futile to allow the amendment, relying on case law that held that the amount of drugs involved in an offense was a sentencing factor and not an element of the offense that was required to be alleged in the indictment. The order specifically noted that "the movant's argument has been rejected by every circuit that has addressed it." The district court then adopted the magistrate judge's findings that Clark's other claims lacked merit and denied the motion. The district court's order was entered two days after the Supreme Court decided *Jones v. United States*, 526 U.S. 227 (1999), but made no mention of that opinion.

Clark appealed and the district court denied him a certificate of appealability (COA). On March 30, 2000, Clark applied to this court for a COA, asserting that *Jones* supported his argument that the district court committed procedural error in denying him leave

to amend his § 2255 motion based on the futility of his claim that the amount of cocaine base involved should have been alleged in the indictment. We granted COA on August 9, 2000, citing the then recent Supreme Court opinion in *Apprendi*, 120 S. Ct. 2348 (decided on June 26, 2000).

In *Apprendi*, the Supreme Court held that the Due Process Clause of the Fourteenth Amendment requires that a factual determination, other than the fact of a prior conviction, authorizing an increase in the maximum prison sentence for an offense must be made by a jury on the basis of proof beyond a reasonable doubt. *Apprendi*, 120 S. Ct. at 2351. The Government argues that the district court did not abuse its discretion in denying Clark the opportunity to amend his § 2255 petition to attack his sentence on the basis of *Jones* and *Apprendi* because that claim was in fact futile under the law prevailing at the time Clark's conviction became final. Given that Clark's conviction was final prior to the date that Supreme Court decided *Apprendi*, I agree that the *Apprendi* decision controls our analysis only if it can be applied retroactively on collateral review.[2]

---

[2]A petitioner who brings a successive habeas petition may not rely on a new rule of constitutional law unless it has been made retroactive by the Supreme Court to cases on collateral review. *See* U.S.C. §§ 2244(b)(3)(C) and 2255. The Supreme Court has not yet spoken on the issue of whether *Apprendi* applies retroactively on collateral review, and it is thus not available as a basis for relief in a successive habeas petition. *In re Tatum*, 233 F.3d 857, 859 (5th Cir. 2000). Because this is Clark's first § 2255 petition, that restriction is not implicated in this appeal.

In *Teague v. Lane*, 489 U.S. 288, 310 (1989) the Supreme Court stated that, as a general rule, "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." The Court established a three-step inquiry to determine when new rules of criminal procedure apply retroactively on collateral review. *Teague*, 489 U.S. at 288. First, we must determine the date on which the defendant's conviction became final. *O'Dell v. Netherland*, 521 U.S. 151, 156 (1997). Second, we must decide whether the Supreme Court's ruling constitutes a new rule of constitutional criminal procedure; *Teague* is inapplicable unless we find both that the rule is new and that it involves a procedural rather than a substantive change. *Bousley v. United States*, 523 U.S. 614 (1998). Third, a new procedural rule may nonetheless apply if it falls within one of two narrow exceptions to *Teague*'s general rule barring retroactivity. *See United States v. Sanders*, 247 F.3d 139, 148 (4th Cir. 2001) (emphasizing the narrowness of the exceptions and pointing out that the Supreme Court has yet to find a single rule that qualifies under the second exception). The first exception, that a new rule should be applied retroactively if it places "certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe," *Teague*, 489 U.S. at 311, has no application to the case at bar. The second exception, that a new rule should be

applied retroactively if it requires the observance of procedures that are "implicit in the concept of ordered liberty," *id.*, is fulcrum on which Clark's argument turns.

Initially, I note that the parties do not dispute that Clark's conviction was final in 1996, well before the Supreme Court's 2000 decision in *Apprendi* was announced.

*Teague*'s second step asks whether the rule is "new" and whether the rule is properly characterized as substantive or procedural. On the question of whether *Apprendi* announced a "new" rule, we have been directed to "survey the legal landscape as it then existed, and determine whether a[ ] court considering [the defendant's] claim at the time his conviction became final would have felt compelled by existing precedent to conclude that the rule [he] seeks was required by the Constitution." *Lambrix v. Singletary*, 520 U.S. 518, 526 (1997). As the district court correctly noted, prior to *Apprendi*, Clark's argument had been rejected by this circuit, *see, e.g., United States v. Hare*, 150 F.3d 419, 428 n.2 (5th Cir. 1998)(noting that because proof of quantity is not an element of the offense, a defendant charged with a violation of § 841(a)(1) is on notice that the district court is not bound by the quantity of drugs mentioned by the indictment and that his sentence will be calculated under the sentencing guidelines)*, overruled by United States v. Doggett*, 230 F.3d 160 (5th Cir. 2000), and every other circuit that had addressed it.

-7-

*See, e.g., United States v. Dorlouis*, 107 F.3d 248 (4th Cir. 1998); *United States v. Silvers*, 84 F.3d 1317 (10th Cir. 1996); *United States v. Olness*, 9 F.3d 716 (8th Cir. 1993). The Government has conceded and I find that *Apprendi* announced a new rule.

Next, I consider whether *Apprendi* involves a matter of substantive law or whether it announces a new rule of criminal procedure. Not all cases are easily categorized as being either substantive or procedural. If the new rule gleaned from *Apprendi* is the holding that every element of a crime must be submitted to the jury, then it is a procedural rule which should be analyzed under *Teague* standards. If, on the other hand, *Apprendi* is read as refining the definition of an element of a federal offense, it is a substantive decision governed by *Davis v. United States*, 417 U.S. 333, 346-47 (1974)(holding that a defendant may assert in a § 2255 proceeding a claim based on an intervening substantive change in the interpretation of a federal criminal statute). The Government has taken no position on this question in the brief filed in the case at bar.

This circuit has twice in recent years applied new Supreme Court decisions retroactively on collateral review based on our conclusion that the decisions were substantive rather than procedural. In *United States v. Lopez*, 248 F.3d 427 (5th Cir. 2001), Lopez filed a § 2255 motion attacking his conviction for engaging in a continuing criminal enterprise. He argued that the

Supreme Court's decision in *Richardson v. United States*, 526 U.S. 813 (1999), handed down after his sentence became final, should be retroactively applied to his case and that his sentence was therefore void. *Lopez*, 248 F.3d at 429. *Richardson* held that a jury must be instructed to reach a unanimous verdict on each of the specific violations that comprise the alleged continuing series of violations charged in the indictment. *Richardson*, 526 U.S. at ___. We concluded that *Richardson* was a "new rule," *Lopez*, 248 F.3d at 431, and that it is generally retroactively applicable on collateral review. *Id.* at 432. We further held that *Teague* was inapplicable to the retroactivity analysis because *Richardson* interpreted the statutory phrase "continuing series of violations" and was thus substantive rather than procedural. *Id.*

In reaching this conclusion, we relied on our earlier decision in *United States v. McPhail*, 112 F.3d 197 (5th Cir. 1997), where we applied *Bailey v. United States*, 516 U.S. 137 (1995), retroactively based on the finding that *Bailey* was a substantive rather than procedural ruling. "The decision in *Bailey* articulates the substantive elements that the government must prove to convict a person charged with using a firearm under § 924(c)(1). It explains what conduct is, and has always been, criminalized by the statute." *McPhail*, 112 F.3d at 199. The Supreme Court subsequently adopted the same reasoning and reached the same conclusion concerning *Bailey*. *Bousley v. United States*, 523 U.S. 614 (1998).

Similarly, this circuit has found that *Apprendi* defines the elements of drug offenses and we must therefore follow *Lopez* and *McPhail* in our examination of retroactivity. In *United States v. Doggett*, 230 F.3d 160 (5th Cir. 2000), we concluded that *Apprendi*'s significance for federal drug offenses was that it required drug quantities under § 841(b) to be treated as elements of the offense rather than sentencing factors. *Id.* at 164-65; *see also Burton v. United States*, 237 F.3d 490 (5th Cir. 2000). Although we find ourselves bound by our circuit's precedent to hold that the new rule redefines the elements of § 841 offenses and is therefore substantive for purposes of our *Teague* analysis, I recognize that *Apprendi*'s new rule has both substantive and procedural components.

On one hand, Justice Stevens's majority opinion begins by explaining why certain aspects of Apprendi's case are not relevant to the narrow issue that the Supreme Court set out to resolve. 530 U.S. at 474. In that context, he states that the constitutionality of basing an enhanced sentence on racial bias is not before the court, adding "[t]he substantive basis for New Jersey's enhancement is thus not at issue; the adequacy of New Jersey's procedure is." *Id.* at 475. The Fourth Circuit cited this language to support its conclusion that *Apprendi* sets forth a new rule of criminal procedure, rather than a new substantive rule, and is thus subject to *Teague*'s retroactivity restrictions. *United States v. Sanders*, 247 F.3d 139, 147 (4th Cir. 2001). On the other hand, Justice

-10-

Stevens notes that the language of the Sixth and Fourteenth Amendments to the Constitution as well as over two hundred years of jurisprudence require that an accused be convicted only upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged. *Apprendi*, 530 U.S. at 477-78. It is clear from this discussion that the procedural aspect of the decision is not new. The new concept that *Apprendi* adds to our jurisprudence is that, other than a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum is an element of the charged offense. *Id.* at 490. Or in the language of Justice Thomas's concurrence, which Justice Scalia joined, "[t]his case turns on the seemingly simple question of what constitutes a 'crime.'" *Id.* at 499.

Because this conclusion puts us at odds with three of our sister circuits, I pause to consider whether their analysis reveals some overlooked basis for treating *Apprendi* as a procedural rule. Federal circuit courts are in essential agreement with the Fifth Circuit's conclusion that *Apprendi* reordered our jurisprudence with respect to the elements of a § 841 conviction and that, post-*Apprendi,* § 841 sets forth three separate offenses, rather than one offense with three different penalties. *See, e.g., United States v. Flowal*, 234 F.3d 932, 938 (6th Cir. 2000). The Fourth, Eighth and Ninth Circuits have nonetheless treated *Apprendi* as a procedural rather than a substantive rule for purposes of *Teague*'s

-11-

analysis.

In *Sanders*, the Fourth Circuit disposes of petitioner's contention that *Apprendi* is not subject to *Teague*'s three-step test because it sets forth a new rule of substantive rather than procedural law by stating summarily that "*Apprendi* constitutes a procedural rule because it dictates what fact-finding procedure must be employed to ensure a fair trial." *Sanders*, 247 F.3d at 147. *Sanders* then cites to *Apprendi* and quotes in a parenthetical, without analysis or reference to context, Justice Stevens's observation that the substantive basis for New Jersey's enhancement was not at issue, the adequacy of its procedure was. *Id.*

The Ninth Circuit afforded even less discussion to the issue before treating *Apprendi* as a procedural rule in *Jones v. Smith*, 231 F.3d 1227 (9th Cir. 2000). There, a panel decided that *Apprendi* was properly characterized as "new" and went directly into a discussion concerning whether the *Apprendi* rule, as applied to the omission of the premeditation element of a state murder charge,[3] is retroactive under the second *Teague* exception. *Id.* at 1237. Similarly, the Eighth Circuit in *United States v. Moss*, 2001

_____

[3]*Jones*'s analysis and holding was limited to the question of whether *Apprendi* is retroactively applicable to a state murder statute. District courts in the Ninth Circuit remain divided on whether *Apprendi* may be applied retroactively in other contexts. *Compare Reynolds v. Cambra*, 136 F.Supp.2d 1071 (C.D.Cal. 2001)(applying *Apprendi* retroactively to a writ petition brought pursuant to 28 U.S.C. § 2254) *with Panoke v. United States*, 2001 WL 46941, *3 (D.Haw. 2001)(holding that *Apprendi*'s new rule "does not require retroactive application" in a § 2255 petition attacking a § 841 drug conviction).

WL 637312 (8th Cir.(Neb.) June 11, 2001), held that an *Apprendi* challenge raised in an initial § 2255 motion is *Teague*-barred because, although it is a new rule, it fails to qualify under the second *Teague* exception as a rule of "watershed magnitude." *Id*. at *2. The *Moss* panel majority completely omitted any consideration of whether *Apprendi* implicates a substantive change governed by *Davis* or a procedural rule governed by *Teague*.[4]  *Id.*

My research turned up three district court opinions that carefully attend to the substantive/procedural dichotomy.  Two of them conclude, for largely the reasons I have already articulated, that *Apprendi* is both substantive and procedural and thus must be applied retroactively.  *See United States v. Hernandez*, 137 F.Supp.2d 919, *6 (N.D. Ohio 2001); *Darity v. United States*, 124 F.Supp.2d 355 (W.D.N.C. 2000), *overruled by United States v. Sanders*, 247 F.3d 139 (4th Cir. 2001).  Contrariwise, *Ware v. United States*, 124 F.Supp.2d 590 (M.D.Tenn. 2000) holds that *Apprendi*'s new rule is only procedural.  *Ware* examines the Supreme Court's decision announced in *Bousley v. United States*, 523 U.S. 614 (1998), that *Teague*'s non-retroactivity doctrine did not apply to *Bailey v. United States*, 516 U.S. 137 (1995), because *Bailey* announced a new rule of substantive law.  *Ware*, 124 F.Supp.2d 595–

---

[4]The dissent in *Moss* concludes that *Apprendi* falls within the watershed exception to the non-retroactivity doctrine of *Teague*, but, like the majority opinion, does not address the substantive/procedural issue.

96.   In *Bousley*, the "Supreme Court drew a distinction between decisions concerning procedural rules and decisions holding that a substantive federal criminal statute does not reach certain conduct.   The distinction is based on the idea that a new interpretation of a substantive rule will place certain conduct beyond the reach of the criminal law and will therefore create a significant risk that defendants were unjustly convicted under the old interpretation for conduct that is not unlawful."  *Ware*, 124 F.Supp.2d at 595 (internal citations omitted).   *Bailey* exempted some behaviors that had previously been held a violation of the prohibition against use of a firearm under 18 U.S.C. § 924(c)(1), and therefore some defendants had been convicted for conduct that Congress had not prohibited.   *Id.* at 595-96.   The *Ware* court reasons that *Apprendi* did not change the behavior prohibited by § 841; possession of certain drugs was and is illegal. *Id.*  Rather it simply changed the method of determining the weight of the drugs in question. *Id.*  "Therefore, instead of removing certain conduct from the reach of criminal law, it merely imposes a procedural safeguard to protect criminal defendants.   The rule announced in *Apprendi* is procedural."  *Id.* at 596.

While *Ware* sets out the most thoughtful articulation I have found for holding that *Apprendi*'s rule is not substantive, I remain unpersuaded by its logic.  *Bousley*'s holding turns on the idea of actual innocence and concerns itself with the "impermissibly large

-14-

risk that the innocent will be convicted." *See Bousley*, 523 U.S. at 620. An *Apprendi* claim in the context of § 841, in its simplest terms, asserts that while a defendant is guilty of possessing an unspecified quantity of a controlled substance, he is actually innocent of possessing the quantity necessary to be found guilty and sentenced under the more onerous provisions of 21 U.S.C. § 841(b). *See, e.g.,* § 841(b)(1)(A)(a maximum penalty of life imprisonment and a mandatory minimum of ten years' imprisonment); *see also United States v. Pittman*, 120 F.Supp.2d 1263, 1270 n.9 (D.Or. 2000)("[A] defendant may be 'actually innocent' of a sentencing enhancement while guilty of the underlying offense.").

Because I conclude that *Apprendi* announces a new substantive rule, *Teague*'s prohibition against retroactivity does not apply and *Apprendi* must be applied retroactively. *See Davis,* 417 U.S. at 346-47. For that reason, I do not reach the question of whether *Apprendi* falls within one of *Teague*'s exceptions. For that reason, as well, I find no merit in the Government's contention that *Teague*'s stated concern with the need for finality in criminal cases and the costs of retroactive application of new rules of constitutional law in habeas corpus proceedings dictates a ruling that *Apprendi* is not retroactive. *See Teague*, 489 U.S. at 308-09. The Government quotes at some length from statistics illustrating the indisputable fact that narcotics cases constitute a high percentage of federal prosecutions and full retroactive application

of *Apprendi* will call into question tens of thousands of convictions and sentences in drug cases alone. Justice O'Connor, in her *Apprendi* dissent, suggested the same concern in calling the change a "watershed change in constitutional law." *Apprendi*, 530 U.S. at 524. I am therefore certain that the Supreme Court was well aware of the potential long-range effect of its decision. The district court in *Pittman* noted with alarm that any conclusion other than a finding of non-retroactivity "could well lead to overwhelming and disastrous results given that every court in every jurisdiction in the country has treated drug quantity as a sentencing factor for the judge to determine for well over ten years." *Pittman*, 120 F.Supp.2d at 1270. While *Teague* clearly counsels that we consider the need for finality in criminal matters, *Apprendi* dictates that criminal defendants not be convicted and sentenced for crimes more serious than those charged in their indictments and proved during trial. The fact that the constitutional rights of criminal defendants were violated in a large percentage of cases for a long time by well-meaning prosecutors and good judges does not excuse us from remedying those wrongs. Finally, I note that, under Fifth Circuit precedent, the one-year limitations period for filing § 2255 petitions began to run on June 26, 2000, the date the Supreme Court handed down *Apprendi* and has therefore expired. *See Lopez*, 248 F.3d at 433; *but see In re Vial*, 115 F.3d 1192, 1197 n.9 (4th Cir. 1997)(en

-16-

banc)(interpreting the initial recognition of the right referred to in § 2255(3) to be the date the Supreme Court rules on the collateral availability of the rule). I therefore find myself unpersuaded the Government's sky-is-falling retroactivity argument.

For the foregoing reasons, I would hold that the district court erred in denying as futile Clark's motion to amend his initial § 2255 petition. I would therefore reverse and remand to the district court for further proceedings consistent with this opinion rather than the majority's remand without direction on the question of retroactivity.