REVISED, April 16, 1998

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-30131

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES ROGER GOBERT,

Defendant-Appellant.

Appeal from the United States District Court
For the Western District of Louisiana

March 31, 1998

Before WISDOM, SMITH, and DEMOSS, Circuit Judges.

WISDOM, Senior Circuit Judge:

## I. Introduction

James Roger Gobert pleaded guilty to a one-count Bill of Information charging him with using and carrying a firearm during and in relation to a drug-trafficking offense, in violation of 18 U.S.C. § 924(c)(1).[1] The district court imposed a 36-month term of imprisonment, to be followed by a three-year period of supervised release. Subsequent to Gobert's conviction, the Supreme Court

_____

[1] The statute reads, in pertinent part: "Whoever, during and in relation to any crime of violence or drug trafficking crime for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years."

decided *Bailey v. United States.*[2]  In *Bailey*, the Court held that the Government, to sustain a conviction under the "use" prong of 18 U.S.C. § 924(c)(1), must prove that the defendant actively employed a firearm during the predicate drug offense.[3]  Gobert filed a motion to vacate his sentence under 28 U.S.C. § 2255 on the ground that his pre-*Bailey* conviction could no longer stand in light of the Supreme Court's interpretation of § 924(c)(1).[4]  His argument, construed liberally,[5] is that he was wrongfully convicted under the "use" prong of § 924(c)(1) because the district court failed to develop an adequate factual basis to support his guilty plea.  The district court denied Gobert's motion and denied his request for a certificate of appealability (COA).  Gobert now petitions this Court to issue a COA and vacate his sentence.  For the reasons that follow, we grant a COA, vacate Gobert's conviction, and remand this case to the district court for the entry of a new plea.

## II. Background

The charges against defendant/appellant James Gobert arose out of a "dry reverse" conducted by an undercover agent of the Beauregard Parish Sheriff's Office.  The agent was driving in Lake Charles, Louisiana with a known substance abuser when Alfred

---

[2] 116 S. Ct. 501 (1995).

[3] Id. at 509.

[4] We have already determined that *Bailey* applies retroactively to cases on collateral review.  See *United States v. McPhail*, 112 F.3d 197, 199 (5th Cir. 1997).

[5] We construe liberally the claims of pro se appellants. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993).

2

"Slick" Henry approached the two men and offered to sell them a kilogram of cocaine. The undercover agent accepted the offer, and Henry made several telephone calls to arrange a meeting during which the transaction could be consummated. Henry then told the agent that he and his associates would prefer to purchase a kilogram of cocaine. Two vehicles appeared at the meeting. James Gobert and Alfred Henry occupied one, and the appellant's cousin, David Gobert, and Pamela Jones occupied the other. All four were arrested after agreeing to buy one kilogram of cocaine from the undercover agent.[6] David Gobert and Jones had a total of $17,890 in cash on their persons, and agents recovered a .45 caliber pistol, the firearm that generated the § 924(c)(1) charge, from David Gobert's car.[7]

### III. Discussion

We review the district court's findings of fact in relation to a motion filed under § 2255 for clear error, and we review questions of law de novo.[8]

### A. Appealability

We will reach the merits of James Gobert's contentions only if we first determine that a COA should issue with respect to his post-*Bailey* claim. On April 24, 1996, the President signed into

---

[6] David Gobert pleaded guilty to a one-count Bill of Information that was identical in all respects to that pleaded to by appellant James Gobert.

[7] The record does not indicate the precise location of the gun. It is unclear whether the gun was located in the cabin of the vehicle or in the trunk.

[8] *United States v. Guerra*, 94 F.3d 989, 992 (5th Cir. 1996).

effect the Antiterrorism and Effective Death Penalty Act (AEDPA).[9]  The AEDPA amended 28 U.S.C. § 2253, the gatekeeping statute that governs the appealability of district court orders in § 2255 proceedings.  As amended, § 2253 requires that either the district or circuit court issue a COA before the circuit court may consider the merits of a prisoner's appeal of the denial of § 2255 relief.  Most importantly, the amended version of § 2253 permits us to grant a petition for a COA only if the applicant has made a substantial showing of the denial of a constitutional right.[10]  At issue in this case, then, is whether James Gobert has made such a showing.  We believe that he has, and that he is therefore entitled to a COA.

The gravamen of James Gobert's complaint is that his continued incarceration for engaging in conduct that did not violate the terms of § 924(c)(1), as defined by the Supreme Court, constitutes a violation of his due process rights.  We interpret his argument to be that even though *Bailey* is not itself a case of constitutional dimension, its effect upon the legality of his continued incarceration is indeed of constitutional magnitude.

Many courts, including this court, have stated that *Bailey* announced only a new statutory interpretation, and not a rule of

_____

[9] James Gobert filed his § 2255 petition with the district court on November 13, 1996, several months after the AEDPA went into effect.  As such, we review his claim under the new statutory standards set forth below.

[10] See 28 U.S.C. § 2253(c)(2).

4

constitutional law.[11]  We continue to abide by this proposition.
In *Hohn v. United States*, however, the Eighth Circuit parlayed
this understanding into an entirely different proposition with
which we cannot agree-- that a prisoner who challenges his
conviction in light of the new standards articulated in *Bailey* is
not entitled to a COA.[12]  It refused to issue a COA to a post-
*Bailey* petitioner because "[he was] not making a constitutional
claim.  He [was] making a claim to a federal statutory right."[13]

We do not so characterize James Gobert's contention.  Even
though *Bailey* itself is a statutory, non-constitutional case, it
does not necessarily follow that a prisoner's post-*Bailey*
petition for collateral relief sounds in statutory, non-
constitutional law.  We conclude, in fact, that the claim falls
squarely within the ambit of the Fifth Amendment.[14]  Indeed, the
well-settled caselaw of this and other courts compels such a
conclusion.  We have stated that if a defendant has been

---

[11] *McPhail*, 112 F.3d at 199; *Triestman v. United States*, 1997
WL 529622 (2d Cir.); *In re Dorsainvil*, 1997 WL 409442 at 3
(3d Cir.); *In re Vial*, 115 F.3d 1192, 1195 (4th Cir. 1997); *United
States v. Lorentsen*, 106 F.3d 278, 279 (9th Cir. 1997); *Hohn v.
United States*, 99 F.3d 892, 893 (8th Cir. 1996); *In re Blackshire*,
98 F.3d 1293, 1294 (11th Cir. 1996).  *Triestman, Dorsainvil,
Lorentsen, and Blackshire* were all decided in the context of
successive § 2255 petitions.

[12] *Hohn*, 99 F.3d at 893.

[13] Id.

[14] Judge McMillian, dissenting from the majority's opinion,
concluded that "depriving persons of the benefit of the delayed
notice that conduct is innocent violates due process by tolerating
convictions for conduct that was never criminal.  Under that
proposition, a post-*Bailey* § 2255 motion presents a constitutional
question as required by § 2253(c)(2)."  Id. at 895.

5

convicted of a criminal act that becomes no longer criminal, such a conviction cannot stand.[15]  After all, a refusal to vacate a sentence where a change in the substantive law has placed the conduct for which the defendant was convicted beyond the scope of a criminal statute would result in a complete miscarriage of justice.[16]  Our sister circuits have held that a fundamental defect resulting in a complete miscarriage of justice is tantamount to a violation of the Due Process Clause of the Fifth Amendment.[17]  As we stated earlier, James Gobert maintains that he was convicted and imprisoned for engaging in conduct that the Supreme Court has since deemed non-criminal.  If he is correct, our refusal to vacate his sentence would result in a complete miscarriage of justice; such a result would offend the Due Process Clause of the Fifth Amendment.  The foregoing authorities make it clear to us that James Gobert has made a substantial showing of the denial of his constitutional rights to due

---

[15] *United States v. Shaid*, 916 F.2d 984, 987 (5th Cir. 1990).

[16] *United States v. Addonizio*, 442 U.S. 178, 186-87 (1979); *Shaid*, 916 F.2d at 987.

[17] *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996); *Johnson v. United States*, 805 F.2d 1284, 1287 (7th Cir. 1986). See also *Larkins v. State of Michigan*, 859 F.2d 152 (6th Cir. 1988) ("the petitioner has failed to establish prejudice amounting to a fundamental defect resulting in a complete miscarriage of justice. In fact, the petitioner has not shown any prejudice whatsoever that would call into question the validity of his conviction. Therefore, he was not denied due process."); *Bachner v. United States*, 517 F.2d 589, 598, 599 (7th Cir. 1975) (Stevens, J., concurring) ("any procedural error sufficiently serious to be characterized as a fundamental defect which inherently results in a complete miscarriage of justice would have violated the Due Process Clause and therefore created constitutional error justifying a collateral attack pursuant to § 2255").

6

process, notwithstanding that *Bailey* announced merely a new statutory interpretation.  Accordingly, we issue a COA and advance to the merits of his claim.[18]

## B. The Merits

Having granted the request for a COA, we must now decide whether his conviction and sentence can stand in light of *Bailey*. The government, in order to support a conviction under § 924(c)(1), was required to prove that James Gobert either used or carried a firearm during and in relation to the underlying drug offense;[19] it need not have proved both.[20]  The district court concluded, and the government argues, that even though the evidence did not support a conviction under the newly-interpreted "use" prong of § 924(c)(1), the evidence was more than sufficient to convict James Gobert under the "carry" prong of § 924(c)(1),[21] and specifically under established rules of co-conspirator

---

[18] The district court erroneously denied Gobert's request for a COA on the basis of its conclusion that the issues presented in his § 2255 motion were not cognizable.  "Section 2255 provides recourse only for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).  For the reasons stated above, § 2255 is an appropriate vehicle for the resolution of James Gobert's constitutionally-based claim.

[19] *United States v. Branch*, 91 F.3d 699, 732 (5th Cir. 1996).

[20] *United States v. Pigrum*, 922 F.2d 249, 253 (5th Cir. 1991).

[21] *Bailey* did not affect the "carry" prong of § 924(c)(1). Previous precedent with respect to that prong remains unaffected. *United States v. Rivas*, 85 F.3d 193, 195 (5th Cir. 1996).

liability.[22]  In order to address this contention, we must examine carefully the facts underlying James Gobert's guilty plea.

A court cannot accept a guilty plea unless there is a sufficient factual basis for the plea.[23]  The factual basis must be evident in the record and must be sufficiently specific to allow the court to determine whether the defendant's conduct was within the ambit of the statute's prohibitions.[24]  The district court's acceptance of a guilty plea, governed by Rule 11 of the Federal Rules of Criminal Procedure,[25] is a factual finding that we review for clear error.[26]

"Relief from a formal or technical violation of Rule 11 is not available in a § 2255 collateral attack, but instead is

---

[22] *Pinkerton v. United States*, 328 U.S. 640 (1946).  In *Pinkerton*, the Supreme Court held that "a party to a conspiracy may be held responsible for a substantive offense committed by a coconspirator in furtherance of a conspiracy, even if that party does not participate in or have any knowledge of the substantive offense." *United States v. Jensen*, 41 F.3d 946, 955-56 (5th Cir. 1994).

[23] *United States v. Carter*, 117 F.3d 262, 264 (5th Cir. 1997).

[24] Id.

[25] Rule 11 provides, in pertinent part: "Before accepting a plea of guilty, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following: (1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law, including the effect of any special parole or supervised release term."

[26] *Carter*, 117 F.3d at 264.

8

available only upon a showing of prejudice."[27]  We conclude that James Gobert has suffered prejudice, and is therefore entitled to relief.  First, the factual basis for his guilty plea to the § 924(c)(1) charge is grossly undeveloped.  The factual basis filed by the government-- and relied upon by the district court at the time he entered his guilty plea-- contains nothing more than the bare assertion that "there was a .45 caliber pistol in David Gobert's vehicle."  Even though James Gobert admitted during the plea colloquy that he violated § 924(c)(1), the factual basis is devoid of evidence that he or David Gobert used or carried the pistol in relation to the underlying drug offense.

We have stated that in the context of motor vehicles, "the carrying requirement of § 924(c)(1) is met if the operator of the vehicle knowingly possesses the firearm in the vehicle during and in relation to a drug trafficking crime."[28]  It remains unclear in this Circuit whether the "carry" prong, considered in the context of a motor vehicle case, requires the government to prove that the firearm was within reach and available for immediate use.  In *United States v. Muscarello*,[29] a panel of this court found that a defendant who knowingly possessed a loaded, though not immediately accessible, gun in the locked glove compartment of his vehicle during and in relation to a drug transaction

---

[27] Id.

[28] *Rivas*, 85 F.3d at 195.

[29] 106 F.3d 636 (5th Cir. 1997), *cert. granted*, 65 U.S.L.W. 3728 (U.S. Dec. 12, 1997) (No. 96-1654).

carried the gun for purposes of 924(c)(1).  In *United States v. Fike*,[30] however, we suggested that a defendant carries a firearm within the meaning of § 924(c)(1) only if the firearm is within reach, and therefore immediately accessible.[31]  Whether the firearm at issue in this case was immediately available for David Gobert's use is a matter of pure conjecture.  Additionally, nothing in the record reveals the precise location from which the pistol was recovered.  Without more, and especially in light of the apparent indeterminacy surrounding the immediate accessibility question,[32] we cannot say with any degree of certainty that David Gobert carried a firearm for purposes of § 924(c)(1).  Of course, the same rationale extends to James Gobert, whose exposure to § 924(c)(1) liability is necessarily predicated on the conduct of his codefendant, David Gobert.

Furthermore, even if we assume arguendo that David Gobert knowingly transported the firearm, there is no evidence in the record that suggests a nexus between the firearm and the drug transaction the defendants sought to consummate.  "The government is shouldered with the burden of establishing some relationship between the firearm [the defendant] possessed and the predicate

---

[30] 82 F.3d 1315 (5th Cir. 1996).

[31] Id. At 1328 (evidence that defendant driving car with a gun within reach to attend and later flee from an aborted drug transaction was sufficient to support a conviction under the "carry" prong of § 924(c)(1).

[32] The Supreme Court has granted writs in *Muscarello* for the purpose of resolving definitively the immediate accessibility question.  See note 29, *supra*.

10

drug trafficking offense."[33]  It is conceivable, of course, that a gun carried in a vehicle during a drug transaction could be entirely unrelated to that transaction.[34]  Indeed, to conclude otherwise would be to render meaningless the "in relation to" language of § 924(c)(1) and thus violate our duty to give effect to every clause and word of a statute.[35]  The record before us merely contains evidence that a firearm was stored in David Gobert's vehicle during the commission of a drug trafficking offense.  It therefore cannot be said that the factual basis in this case is sufficiently specific to have allowed the district court to determine whether David Gobert's conduct, theoretically attributable to James Gobert under the *Pinkerton* doctrine, fell within the ambit of 924(c)(1)'s prohibitions.[36]  Accordingly, it was clear error for the district court to have accepted James Gobert's guilty plea.

In short, the district court accepted James Gobert's plea in violation of Rule 11(f).  When such a violation occurs, our

---

[33] *United States v. Wilson*, 884 F.2d 174, 177 (5th Cir. 1989).

[34] *Muscarello*, 106 F.3d at 639; see also *Wilson*, 884 F.2d at 177 (holding that something more than strategic proximity of drugs and firearms is necessary to honor Congress's concerns).

[35] See *United States v. Menasche*, 348 U.S. 528, 538-39 (1955).

[36] Compare *Muscarello*, supra note 29 (factual basis for guilty plea established that "located inside the glove compartment of the Defendant Muscarello's Ford truck was a loaded firearm which the Defendant knowing [sic] possessed in his vehicle and carried for protection in relation to the above described drug trafficking offense").

11

practice is to reverse, vacate, and remand for the entry of a new plea.[37]

VACATED AND REMANDED.

---

[37] *United States v. Thompson*, 1997 WL 552633 at 3 (5th Cir.).