IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-00091

_____

IN RE: CHARLES ALAN MALOY, Petitioner

_____

Motion for an Order Authorizing the Filing
of a Successive Habeas Petition
(CR93-10013-02)

_____

June 12, 1998

Before HIGGINBOTHAM and DENNIS, Circuit Judges.[*]

PER CURIAM:[**]

Charles Alan Maloy seeks an order authorizing him to file a successive habeas petition in district court, pursuant to 28 U.S.C. §2255. In support, Maloy contends that the Supreme Court announced a new rule of constitutional law in Bailey v. U.S., 516 U.S. 137 (1995), which was made available on collateral review.

Virtually every court of appeal, including this court, has concluded that Bailey did not announce a new rule of constitutional

_____

[*]   This order is being entered by a quorum of this court pursuant to 28 U.S.C. 46.

[**]   Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

law, rather it merely interpreted a substantive criminal statute using rules of Statutory construction.  <u>U.S. v. Gobert</u>, 139 F.3d 436, 438 (5th Cir. 1998); <u>In re Dorsainvil</u>, 119 F.3d 245, 249 (3d Cir. 1997); <u>U.S. v. Lorensten</u>, 106 F.3d 279, 279 (9th Cir. 1997); <u>Triestman v. U.S.</u>, 124 F.3d 361, 369-70 (2d Cir. 1997); <u>In re Vial</u>, 115 F.3d 1192, 1194-95 (4th Cir. 1997); <u>Coleman v. U.S.</u>, 106 F.3d 339, 341-42 (10th Cir. 1997); <u>In re Blackshire</u>, 98 F.3d 1293, 1294 (11th Cir. 1996); <u>Nunez v. U.S.</u>, 96 F.3d 990, 992 (7th Cir. 1996). Therefore, Maloy has failed to satisfy the statutory requirements to file a successive habeas petition as set forth in 28 U.S.C. §§ 2255, 2244(b)(2), 2244(b)(3)(C).

DENIED.