Revised January 8, 1999

UNITED STATES COURT OF APPEALS
For the Fifth Circuit

No. 97-50308

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RUDY VILLARREAL TORRES,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas

January 7, 1999

Before WISDOM, WIENER, and DENNIS, Circuit Judges.

WISDOM, Senior Circuit Judge:

## I. Introduction

Rudy Villarreal Torres pleaded guilty to possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a), and carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c).[1]  A

---

[1] The statute reads, in pertinent part: "Whoever, during and in relation to any crime of violence or drug trafficking crime for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be

chrome-plated .38-caliber handgun and the heroin were found under the driver's seat in Torres's car. The district court sentenced Torres to a 51-month term of imprisonment on the drug count and a 60-month term of imprisonment on the firearm count. The sentences were to be served consecutively and were to be followed by a three-year period of supervised release. Torres did not file a direct appeal.

Torres filed a pro se motion under 28 U.S.C. § 2255 challenging his § 924(c)(1) firearm conviction. He asserted that the conviction could no longer stand in the wake of the Supreme Court's interpretation of § 924(c)(1) in *Bailey v. United States*,[2] a case decided after his conviction.[3] In *Bailey*, the Court held that the Government, to sustain a conviction under the "use" prong of 18 U.S.C. § 924(c)(1), must prove that a defendant

---

sentenced to imprisonment for five years."

[2] 516 U.S. 137 (1995).

[3] Like most other courts of appeal, we have held that *Bailey* retroactively applies to cases pending on collateral review. *See United States v. Sorrells*, 145 F.3d 744, 748-49 (5th Cir. 1998). "Although *Bailey* itself is a non-constitutional case involving the statutory interpretation of § 924(c)(1), we have held that petitioners asserting that a § 924(c)(1) conviction is invalid in light of *Bailey* can properly bring their claims in a § 2255 motion." *Id*. at 749; *United States v. Gobert*, 139 F.3d 436, 438-39 (5th Cir. 1998) ("Even though *Bailey* itself is a statutory, non-constitutional case, it does not necessarily follow that a prisoner's post-*Bailey* petition for collateral relief sounds in statutory, non-constitutional law.").

actively employed a firearm during the predicate drug offense.[4]

Torres's argument, construed liberally,[5] is that *Bailey*

undermined the factual basis for his guilty plea to the firearm

count, and thus rendered his conviction thereunder unsupportable.

In its response, the Government asserted that because Torres

could have raised his assertion that the factual basis did not

support his guilty plea to "carrying" a firearm on direct appeal,

his claim was procedurally barred.  Additionally, the Government

maintained that even if the court were to reach the merits of

Torres's claim, the facts supported his conviction for carrying a

firearm.

Without addressing the question of procedural bar, the

magistrate judge recommended that Torres's motion be denied on

the grounds that his reliance on *Bailey* was misplaced, and that

the facts supported his guilty plea.  Relying on Torres's guilty

plea and the admittance of the factual statement offered at the

guilty plea hearing, the magistrate judge concluded that Torres

admitted to "carrying" a firearm as contemplated by § 924(c)(1).

Over Torres's objections, the district court adopted the

magistrate judge's report and recommendation and denied § 2255

relief.  Torres timely filed his notice of appeal.  For the

---

[4] *Bailey*, 516 U.S. at 150.

[5] We construe liberally the claims of pro se appellants.
*Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993).

3

reasons that follow, we affirm.

## II.  Background

On the morning of August 17, 1990, Bexar County, Texas, deputy sheriffs were conducting surveillance outside a San Antonio residence that was the subject of a search warrant. During the course of their surveillance, the deputies observed Torres walk from the residence to a car parked in the driveway. He retrieved a brown paper bag from the trunk of the car and returned to the residence.  Two hours later, Torres and a female companion exited the residence and approached two cars in the driveway.  The deputies blocked the driveway, surrounded Torres, and advised him and his companion of the search warrant.  After the deputies issued *Miranda* warnings, Torres agreed to cooperate and showed the deputies bags of heroin that were hidden in his car under the driver's seat and under the dashboard.  He also pointed to the handgun under the driver's seat.  He admitted ownership of both the heroin and the handgun.  The deputies' search of the car and residence yielded $11,061 in currency and approximately 200 grams of heroin.  Torres told the deputies that the money was generated by his heroin sales over the previous two days.

## III.  Standard of Review

We review the district court's findings of fact in relation to a motion filed under a § 2255 for clear error, and we review

questions of law *de novo*.[6]

## IV. Discussion

We first confront the procedural barrier to considering Torres's *Bailey* claim.  In the instant case, Torres did not file a direct appeal.  Consequently, we must consider the government's procedural default argument before proceeding to the merits of Torres's appeal.  In general, "[i]t is well settled that where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in a § 2255 motion only if the petitioner can first demonstrate either (1) cause and prejudice, or (2) that he is 'actually innocent' of the crime for which he was convicted."[7]  With specific regard to *Bailey* claims, however, a defendant's means of overcoming procedural default is more limited.  Under our decision in *United States v. Sorrells*,[8] a petitioner asserting a *Bailey* claim must rely on the "actual innocence" prong of the standard to overcome a procedural default.[9]  Because Torres did not raise his arguments at trial or

_____

[6] *Gobert*, 139 F.3d at 437.

[7] *Sorrells*, 145 F.3d at 749 (citing *Bousley v. United States*, 118 S.Ct. 1604, 1611 (1998).

[8] 145 F.3d 744 (5th Cir. 1998).

[9] *Id.* at 749-50 (citing *Bousley*, 118 S.Ct. at 1611). In *Sorrells*, we had occasion to examine the impact of the Supreme Court's *Bousley* decision on the standard for overcoming procedural default in the context of *Bailey* claims.  In *Sorrells*, we noted that *Bousley* had altered a "relatively straightforward" standard, as the Court had "clarified that a

on direct appeal, we apply this standard of review to the instant case.[10]

In essence, then, Torres can only overcome his procedural default if he establishes that he was "actually innocent" of his § 924(c)(1) conviction.[11]  This standard imposes a heavy burden on a petitioner.[12]  "To establish  actual innocence, [the] petitioner must demonstrate that, 'in light of all the evidence,' 'it is more likely than not that no reasonable juror would have convicted him.'"[13]  Indeed, "'actual innocence' means factual

_____

petitioner seeking collateral review for a *Bailey* claim *must* demonstrate 'factual innocence' if he failed to raise the issue on direct appeal."  *Id.* at 750 (citing *Bousley*, 118 S.Ct. at 1611) (emphasis added).

[10] The district court's failure to consider the Government's argument that Torres's § 2255 petition was barred by procedural default and its denial of § 2255 relief on an alternate ground does not constitute reversible error.  Indeed, any such error by the district court is harmless, and the court may find Torres's claim procedurally barred as an independent ground supporting affirmance.  *See Sorrells*, 145 F.3d at 751 n.5 ("[W]here the standard of review on appeal would be identical because of the petitioner's procedural default, the record is fully established . . ., and neither party seeks a remand for a determination on the abuse of the writ question, the district court's error is undoubtedly harmless.").

[11] *See id.* at 750 (citation omitted); *Murray v. Carrier*, 477 U.S. 478, 496 (1986) ("[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeus court may grant the writ even in the absence of a showing of cause for the procedural default.").

[12] *See Sorrells*, 145 F.3d at 750 (citation omitted).

[13] *Bousley*, 118 S.Ct. at 1611 (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)).

6

innocence, not mere legal insufficiency."[14]  Consequently, we

will reverse Torres's firearm conviction only if he can

demonstrate, based on all of the evidence, that "it is more

likely than not that no reasonable juror would have convicted."[15]

In the case at bar, Torres cannot demonstrate that he is

"actually innocent."[16]  Torres owned the car in which the firearm

was found.  He admitted that he owned the heroin found in the

car.  He admitted that he owned the firearm found under the

driver's seat.  Torres was arrested, not at his own home, but at

the home of his companion.  Based on these facts, it is

reasonable that a juror could have inferred that Torres did, in

fact, "carry" the firearm during and in relation to the drug-

trafficking offense.[17]  It cannot be said that "it is more likely

---

[14] *Id.*

[15] *Id.*  We apply this "reasonable juror" standard even though the petitioner's conviction was obtained pursuant to a guilty plea.  In *Bousley*, the Supreme Court noted that, to establish actual innocence, the petitioner, who was convicted as a result of a guilty plea, "must demonstrate that . . . it is more likely than not that no reasonable juror would have convicted him."  *Id.*

[16] It is worth noting that Torres has not, at any point, asserted that he is "actually innocent."  He did not assert "actual innocence" on direct appeal, in his § 2255 motion, in his appellate brief, in his supplemental brief, or in his "Traverse" brief.

[17] The phrase, "carries a firearm," in § 924(c)(1) is not limited to the carrying of firearms on one's person.  *Muscarello v. United States*, 118 S.Ct. 1911, 1913 (1998).  Indeed, the phrase "also applies to a person who knowingly possesses and conveys firearms in a vehicle" in relation to a drug offense.

than not that no reasonable juror would have convicted."[18]

Accordingly, Torres fails to overcome his procedural default, and we need not reach the merits of his *Bailey* claim.[19]

Torres also raises an ineffective assistance of counsel

---

*Id.*

[18] *Bousley*, 118 S.Ct. at 1611.

[19] It may be argued that the Supreme Court's decision in *Bousley* requires that we vacate the judgment of the district court and remand the case to it for the "actual innocence" determination we have just made. *Bousley* is distinguishable, however. In *Bousley*, the defendant pleaded guilty to "using" a firearm. After he entered his plea, he sought § 2255 relief on the basis that his guilty plea was not knowing and intelligent because he was misinformed by the district court as to the nature of the charged crime. Specifically, he argued that neither he, nor counsel, nor the court correctly understood the essential elements of the crime with which he was charged. The district court dismissed the defendant's § 2255 motion, and he appealed. While this appeal was pending, the Supreme Court issued its opinion in *Bailey*, which interpreted the "use" prong of 18 U.S.C. § 924(c). The main issue in *Bousley* was whether a defendant could rely on *Bailey* in support of his claim that his guilty plea was constitutionally infirm. *See id.* at 1607-10. The Court held that "it would be inconsistent with the doctrinal underpinnings of habeus review to preclude [the defendant] from relying on . . . *Bailey* in support of his claim that his guilty plea was constitutionally invalid." *Id.* at 1610. Though the defendant had procedurally defaulted, the Court maintained that his claim could still be reviewed if he could establish that the constitutional error in his plea colloquy had "probably resulted in the conviction of one who is actually innocent." *Id.* at 1611 (quoting *Murray*, 477 U.S. at 496). The Court then remanded the case to permit the defendant to attempt to make a showing of actual innocence. *Id.* Here, in contrast to the defendant in *Bousley*, Torres argues that *Bailey*, itself, renders his conviction suspect. That is, were it not for *Bailey*, Torres would have no gripe with the district court's acceptance of his guilty plea. In *Bousley*, on the other hand, the defendant did not rest his claim that his plea was not knowing and voluntary on *Bailey*.

claim.  This claim is without merit.  "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."[20]  To prevail on such a claim, a petitioner must demonstrate that (1) his counsel's performance was deficient and (2) that this deficient performance prejudiced his defense.[21]  To satisfy the first requirement, the petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the [petitioner] by the Sixth Amendment."[22]  As to the second requirement, the petitioner must demonstrate "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is unreliable."[23]

In the instant case, Torres has neither shown, nor does the record indicate, that his counsel's assistance was constitutionally substandard.  Torres therefore fails to satisfy the first prong of the *Strickland* test, and we need not determine whether he has suffered prejudice.

### V.  Conclusion

---

[20] *Strickland v. Washington*, 466 U.S. 668, 686 (1984).

[21] *Id.* at 687.

[22] *Id.*

[23] *Id.*

9

For the foregoing reasons, we find that the petitioner failed to overcome his procedural default, and did not receive ineffective assistance of counsel.  The judgment of the district court is AFFIRMED.

DENNIS, J., Circuit Judge, concurring:

I specially and respectfully concur in the result of the majority opinion upholding the dismissal of Torres' application for a writ of habeas corpus. Torres has failed to allege facts which, if proven, demonstrate that a constitutional violation occurred in connection with his guilty plea, or that he is probably innocent of "carrying" a firearm. Torres' case therefore is not one which, under Bousley v. United States, 118 S.Ct. 1604 (1998), a habeas petitioner, despite his failure to challenge his guilty plea on direct appeal, may have remanded to the district court for a determination of whether a constitutional error in his plea colloquy probably resulted in the conviction of one who is actually innocent.

In Bousley v. United States, 118 S.Ct. 1604 (1998), the Supreme Court held that a habeas petitioner who did not challenge his guilty plea on direct appeal, but who alleged that, when he pleaded guilty in 1990 to "using" a firearm in violation of 18 U.S.C. § 924(c)(1), he was advised by the trial judge, by his own lawyer, and by the prosecutor that mere possession of a firearm would support a conviction of "use" of a firearm under § 924(c)(1), was entitled to an opportunity on remand to the district court to establish that the constitutional error in his plea colloquy "'has probably resulted in the conviction of one who is actually innocent.'" Id. at 1611, *quoting* Murray v.

11

Carrier, 477 U.S. 478, 496 (1986). Bousley apparently alleged or pointed to facts which, if proven, demonstrated that he was actually innocent of "using" a firearm, and that he was induced to enter an unintelligent and therefore constitutionally invalid plea to the offense by the legal advice he received, which was critically incorrect in light of the holding in Bailey v. United States, 516 U.S. 137, 144 (1995), that § 924(c)(1)'s "use" prong requires the government to show "active employment of the firearm."

Bousley is apparently the first case in which the Supreme Court has recognized the possibility of applying the actual-innocence exception in a case in which a defendant has asked a habeas court to adjudicate a successive or procedurally defaulted constitutional claim after his guilty plea conviction. *See* Bousley, 118 S.Ct. at 1615 (Scalia, J., dissenting)("In every one of our cases that has considered the possibility of applying this so-called actual-innocence exception, a defendant had asked a habeas court to adjudicate a successive or procedurally defaulted constitutional claim after his conviction by a jury. [citing authorities].")

In doing so, the court adopted the standard of proof governing a district court's actual-innocence inquiry formulated by its opinions commenting on the subject in jury conviction cases. Id. at 1611. ("Petitioner's claim may still be reviewed in

12

this collateral proceeding if he can establish that the constitutional error in his plea colloquy 'has probably resulted in the conviction of one who is actually innocent.' Murray v. Carrier, 477 U.S., at 496 []. To establish actual innocence, petitioner must demonstrate that, '"in light of all the evidence,:"' 'it is more likely than not that no reasonable juror would have convicted him.' Schlup v. Delo, 513 U.S. 298, 327–328 [] (quoting Friendly, Is Innocence Irrelevant? Collateral Attack on Criminal Judgments, 38 U. Chi. L. Rev. 142, 160 (1970)).")

The Bousley court, however, did not articulate clear guidelines as to the pleadings or preliminary showing necessary to trigger an actual-innocence inquiry in a guilty plea conviction case. But it appears that the pleading requirements are analogous to those that may be gleaned from the court's discussion of the actual-innocence exception in jury conviction cases--to state a substantial actual-innocence claim, the habeas petitioner must allege or point to facts which, if proven, would demonstrate that a constitutional violation probably resulted in the conviction of a person who is actually innocent. The general rule announced in Carrier is that "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." 477 U.S. at 496; *see also*

13

Kuhlmann, 477 U.S. at 452 (expressing the same principle and underlying reasons) and Smith v. Murray, 477 U.S. 527, 537 (1986). This rule rests in part on the fact that habeas corpus petitions that advance a substantial claim of actual innocence are extremely rare. Schlup v. Delo, 513 U.S. at 321. Thus the claim of actual innocence must be one that is "extremely rare" and "substantial." The Kuhlmann plurality concluded that "the 'ends of justice' require federal courts to entertain [actual innocence] petitions only where the prisoner supplements his constitutional claim with a colorable showing of factual innocence." 477 U.S. at 454; and that the petitioner would be required to establish by a "'fair probability'" that "'the trier of the facts would have entertained a reasonable doubt of his guilt.'" Id. "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-- that was not presented at trial." Schlup v. Delo, 513 U.S. at 324.

In Bousley the Supreme Court indicated that the habeas petitioner who would state a claim of actual-innocence of a guilty plea conviction must plead or point to facts which, if proven, show that his guilty plea was constitutionally invalid and that he is probably innocent of that crime. The Bousley court clearly suggested that, before a defendant may ask a habeas

14

court to apply the actual-innocence exception in adjudicating his successive or procedurally defaulted constitutional claim after his guilty plea conviction, the defendant must first allege facts and/or point to facts referred to in the record which, if proven, show that his guilty plea was not constitutionally valid. *See* Bousley, 118 S.Ct. at 1609, in pertinent part, stating:

> "[T]hat...prior to pleading guilty, he was provided with a copy of his indictment, which charged him with "using" a firearm . . ., standing alone, give[s] rise to a presumption that the defendant was informed of the nature of the charge against him. Henderson v. Morgan, 426 US 637, 647, 96 S.Ct. 2253, 2258-2259, [](1976); id., at 650, 96 S.Ct., at 2260 (White, J., concurring). Petitioner nonetheless maintains that his guilty plea was unintelligent because the District Court subsequently misinformed him as to the elements of a § 924(c)(1) offense. In other words, petitioner contends that the record reveals that neither he, nor his counsel, nor the court correctly understood the essential elements of the crime with which he was charged. Were this contention proven, petitioner's plea would be, contrary to the view expressed by the Court of Appeals, constitutionally invalid. (Emphasis added).

Bousley also implies that the petitioner must allege or point to facts which, if proven, demonstrate that he is probably not culpable of the crime to which he pleaded guilty. *See* Bousley, 118 S.Ct. at 1612. Although the Bousley majority did not expressly so state, Bousley evidently had alleged or pointed to facts in the record which if proven, demonstrated his probable actual innocence of "using" a firearm which he, in fact, merely possessed. Justice Stevens, concurring in part and dissenting in part, stated that "in 1990 when petitioner was advised by the trial judge, by his own lawyer, and by the prosecutor that mere possession of a firearm would support a conviction under § 924(c), he received critically incorrect legal advice." Id. at 1613. The majority opinion does not take issue with Justice Stevens' statement and the tenor of the dissenting opinion tends to confirm his reading of the record. Id. at 1611-12, 1614-17.

In the present case, Torres has not alleged or pointed to facts in the record which, if proven, would show that his guilty plea was constitutionally invalid or that he probably was actually innocent of "carrying" a firearm in violation of § 924(c). Consequently, I concur in upholding the District Court's dismissal of Torres' habeas petition for this reason alone.

However, I do not think it is appropriate for this appellate court to comment upon what the petitioner could or could not prove on the merits of a hypothetical actual innocence inquiry.

16

When a petitioner alleges or refers to facts which, if proven, support a substantial claim of probable actual innocence, it is not within this court's province to make the determination on the merits of whether it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt. According to Bousley it is appropriate to remand such a case to the district court to permit the petitioner to attempt to make a showing of actual innocence. Id. at 1611. "If on remand, the petitioner can make that showing, he will then be entitled to have his defaulted claim of an unintelligent plea considered on its merits." Id. at 1612.

The Supreme Court's prior opinions discussing the actual-innocence exception also indicate that even in a case that has been fully tried and the defendant has been convicted by a jury, the appellate court should not make the actual-innocence or constitutional violation determination on the merits itself, but should remand the case to the trial court for that purpose. The habeas court must make its determination concerning the petitioner's innocence, as Judge Friendly described, "'in the light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial.'" Schlup v. Delo, 513 U.S. at 328, *quoting* Friendly, Is Innocence Irrelevant?

Collateral Attack on Criminal Judgments, 38 U.Chi.L.Rev 142, 160 (1970).  Such a determination usually will call for the taking of additional evidence from the petitioner and the government and require the District Court to assess the probative force of the newly presented evidence, and how the timing of the submission and the likely credibility of the affiants bear on the probable reliability of the evidence.  Schlup v. Delo, 513 U.S. at 331-32. On the other hand, if the petitioner, as in the present case, has failed to state a substantial claim of actual innocence that a federal court is required to entertain, the systemic interests in finality, comity, and conservation of judicial resources requires that the district court's dismissal of the habeas petition be affirmed solely for that reason.

Other than my disagreement with the majority's apparent decision to deal with the merits of the actual innocence issue rather than dismiss the petition for a failure to state a substantial claim thereof, I concur in the majority opinion.