**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

**No. 97-40346**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**VERSUS**

**IGNACIO LOPEZ VILLAREAL; ISRAEL ALVAREZ; EVELYN JONES;**
**BILLY WAYNE SESSIONS, also known as Billy Jones; BALTAZAR**
**CANTU, also known as La Corcha, also known as Bobby,**

**Defendants-Appellants.**

_____

Appeal from the United States District Court
For the Southern District of Texas

(M-95-CR-227-15)
_____

August 28, 2001

Before GARWOOD, JOLLY, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Defendants-Appellants Ignacio Lopez Villareal, Israel Alvarez,

Evelyn Jones, Billy Wayne Sessions, and Baltazar Cantu appeal their

convictions and sentences for various drug crimes.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The government alleged that Cantu and others operated a drug-trafficking organization that transported large amounts of marijuana and cocaine to places outside Texas. Moreover, the government argued that Sessions and Jones ran a trucking business that the drug-trafficking organization utilized to transport the contraband. According to the government, Alvarez and Villarreal assisted the organization by loading and driving the vehicles that transported the drugs.

The jury convicted the defendants of numerous crimes, ranging from conspiracy to possess with intent to distribute to money laundering. On appeal, each defendant raises various points of error. We note them below.

Cantu makes three main arguments. First, he contends that his conviction for violating the continuing criminal enterprise ("CCE") statute should be vacated because the jury only convicted him of two, and not three, substantive acts of possession with intent to distribute. Second, Cantu challenges the sufficiency of the evidence to support the CCE count, the substantive count of possession with intent to distribute cocaine, the substantive count of possession with intent to distribute marijuana, and the substantive count of money laundering. Third, he believes that the district court abused its discretion by refusing to provide the jury with written jury instructions.

Sessions generally argues that there was insufficient evidence

to support his convictions.  In addition, he concurs with Cantu's assessment that the district court's failure to include written jury instructions was improper.

Jones raises four points of error.  First, she challenges the sufficiency of the evidence with respect to her convictions for 1) conspiracy to possess with intent to distribute marijuana, 2) possession with intent to distribute marijuana, 3) conspiracy to commit money laundering, and 4) substantive acts of money laundering.  Second, Jones contends that the district court violated **Apprendi v. New Jersey**, 120 S. Ct. 2348 (2000), in calculating the drug amounts and laundered money attributable to her.  Third, she charges that the district court erred in admitting certain allegedly 404(b) material at trial.  Finally, Jones maintains that the district court erred in upwardly adjusting her sentence for obstruction of justice, based upon her testimony at trial.

Alvarez contends that the evidence did not support his convictions for conspiracy to possess with intent to distribute marijuana and possession with intent to distribute marijuana. Additionally, he believes that the district court abused its discretion in failing to provide written jury instructions.

Like the others, Villarreal questions the sufficiency of the evidence with respect to his conviction for conspiracy to possess with intent to distribute marijuana.  Furthermore, he also

3

challenges the district court's decision not to give written jury instructions.

After having reviewed the briefs, the applicable law, and pertinent portions of the record, we reject the vast majority of the defendants' points of error. As a result, we affirm the district court's determinations in every case, but one. That exception relates to the sufficiency of the evidence with respect to Cantu's conviction for Count 9. Our review of the record suggests that the government failed to establish beyond a reasonable doubt that Cantu possessed with intent to distribute cocaine.

In reviewing a challenge to the sufficiency of the evidence, we must determine whether a rational trier of fact could have found that the evidence established guilt beyond a reasonable doubt. *United States v. Mergerson*, 4 F.3d 337, 341 (5th Cir. 1993). All reasonable inferences drawn from the evidence and all credibility determinations are viewed in the light most favorable to the verdict. *United States v. Westbrook*, 119 F.3d 1176, 1189 (5th Cir. 1997). But "[i]f the evidence viewed in the light most favorable to the prosecution gives equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence of the crime charged, this court must reverse the conviction[]." *United States v. Sanchez*, 961 F.2d 1169, 1173 (5th Cir. 1992) (internal quotation

4

marks and citations omitted).

To prove possession with intent to distribute, the government must show that the defendant knowingly possessed a controlled substance with intent to distribute. *United States v. Torres*, 114 F.3d 520, 524 (5th Cir. 1997). Proof may consist of direct or circumstantial evidence demonstrating actual or constructive possession, which is "defined as ownership, dominion, or control over illegal drugs or dominion over the premises where drugs are found." *Id.* Cantu's conviction for Count 9 involved the discovery of approximately 45 kilograms of cocaine in a Dodge Ram Charger driven by Priscilla Valadez on September 30, 1992. The government presented testimony that Valadez's boyfriend Zeferino Martinez and Cantu transacted drugs with each other, that Valadez attended a meeting in which Martinez and Cantu talked about transporting drugs to Houston, and that Martinez induced Valadez to drive the Charger, with cocaine inside, from the McAllen area to Houston. There was no direct testimony, however, that the cocaine was Cantu's, nor did the evidence reveal that Cantu owned the vehicle. The mere fact that Cantu and Martinez had previously done drug transactions together does not establish Cantu's possession of the cocaine. If the meeting about transporting drugs to Houston had occurred within a short period of time from the date of Valadez's attempted transport, a jury could reasonably have inferred that Cantu was somehow involved. But Valadez further testified that the meeting

5

occurred in June or July, more than two months before the date of the attempted transport.  Without more, that time differential amounts to a disconnect that does not allow for a reasonable inference that Cantu possessed the cocaine, which Valadez attempted to transport, with the intent to distribute.  Therefore, we find the evidence insufficient to convict Cantu of Count 9.[2]

Accordingly, we vacate Cantu's conviction and sentence for Count 9 and remand for proceedings consistent with this opinion. As for the remaining defendants, we affirm their convictions and sentences.

---

[2]We note that there was no *Pinkerton* instruction as to this count.  In *Pinkerton v. United States*, 328 U.S. 640 (1946), "the Supreme Court held that 'a party to a conspiracy may be held responsible for a substantive offense committed by a coconspirator in furtherance of a conspiracy, even if that party does not participate in or have any knowledge of the substantive offense.'" *United States v. Gobert*, 139 F.3d 436, 439 n.22 (5th Cir. 1998) (quoting *United States v. Jensen*, 41 F.3d 946, 955-56 (5th Cir. 1994)).