IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-11025
Summary Calendar
_____

OMOTAYO TONY FABULUJE,

Petitioner-Appellant,

versus

IMMIGRATION AND NATURALIZATION, AGENCY;
JOHN ASHCROFT, U.S. Attorney General;
MARY ANN WYRSCH, ACTING COMMISSIONER,
IMMIGRATION AND NATURALIZATION SERVICE;
ANNE M. ESTRADA, Dallas District
Director, Immigration and Naturalization
Service; CLAYTON BOOTH, Immigration and
Naturalization Service, Dallas,

Respondents-Appellees.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:00-CV-1347-P
---------------------
March 13, 2002

Before DAVIS, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Omotayo Tony Fabuluje, prisoner # 29301282, appeals from the
dismissal of his petition for a writ of habeas corpus, which
attacked his convictions for conspiracy to transport stolen
merchandise in interstate commerce and for unlawfully procuring
naturalization based on ineffective assistance of counsel, and

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

also presented an excessive-bail claim.  The district court determined that Fabuluje's ineffective-assistance claim was cognizable under 28 U.S.C. § 2255 and dismissed the claim because Fabuluje offered only conclusional allegations.  By separate order, the district court rendered final judgment on Fabuluje's petition, dismissing his excessive-bail claim, cognizable under 28 U.S.C. § 2241, for failure to exhaust administrative remedies.

Fabuluje's motion to submit a brief in excess of the page limitations is GRANTED, and his 45-page brief, plus attachments, is considered filed.  His motion to augment the record on appeal is DENIED.  Fabuluje's motions for appointment of counsel and to expedite his appeal are DENIED as MOOT.

Fabuluje, for the first time on appeal, makes specific allegations that his counsel was ineffective, enumerating 14 grounds for his ineffective-assistance claim.  In a separate section of his brief, Fabuluje contends that counsel was ineffective for failing to argue, prior to trial, that because he was a naturalized citizen the district court was without jurisdiction to hear the indictment against him.  Fabuluje also presents new claims on appeal, arguing that (1) the district court lacked authority to hear his indictment, (2) absent proof of use of fraudulent evidence of citizenship to procure his naturalization he could not be convicted of unlawfully procuring naturalization under 18 U.S.C. § 1425, (3) his indictment should have been dismissed, (4) his indictment and conviction violated the Fifth Amendment, and (5) the trial court applied an improper standard of proof.

To the extent that Fabuluje's habeas petition attacked his convictions, the district court properly construed Fabuluje's claims as cognizable under 28 U.S.C. § 2255. See Tolliver v. Dobre, 211 F.3d 876, 877-78 (5th Cir. 2000). With respect to such claims, Fabuluje must obtain a COA to proceed on appeal. See United States v. Gobert, 139 F.3d 436, 438 (5th Cir. 1998). Although Fabuluje has not requested a COA from this court, under FED. R. APP. P. 22(b)(2) "[i]f no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals." In order to obtain a COA, Fabuluje must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Based on the allegations made in Fabuluje's habeas petition and related pleadings, the district court did not err in holding that Fabuluje's ineffective-assistance claims were conclusional and in denying his 28 U.S.C. § 2255 motion on that basis. See Rule 4(b) of the Rules Governing § 2255 Proceedings, 28 U.S.C. foll. § 2255 (1994); Koch v. Puckett, 907 F.2d 524, 530 (5th Cir. 1990)(although pro se habeas petitions are construed liberally, mere conclusional allegations on a critical issue do not raise a constitutional claim). To the extent that Fabuluje seeks to raise new arguments and grounds in support of his ineffective assistance claim on appeal, they cannot be considered as this court lacks jurisdiction to consider arguments raised for the first time in a COA motion. See Whitehead v. Johnson, 157 F.2d 384, 387-88 (5th Cir. 1998). Likewise, the court is without

jurisdiction to consider the claims for relief raised by Fabuluje for the first time on appeal. See id.

Fabuluje has presented no argument relative to the district court's dismissal of his excessive-bail claim. Consequently, this issue is waived. See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993). Accordingly, to the extent Fabuluje sought relief under 28 U.S.C. § 2241, his appeal is DISMISSED.

COA DENIED ON CLAIMS COGNIZABLE UNDER 28 U.S.C. § 2255; APPEAL DISMISSED AS TO EXCESSIVE BAIL CLAIM COGNIZABLE UNDER 28 U.S.C. § 2241; MOTION TO FILE EXCESS BRIEF GRANTED; MOTION TO AUGMENT THE RECORD DENIED; MOTION FOR APPOINTMENT OF COUNSEL DENIED AS MOOT; MOTION TO EXPEDITE APPEAL DENIED AS MOOT.