United States Court of Appeals
Fifth Circuit

**F I L E D**

April 19, 2004

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 03-50526
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-
Appellee,

versus

GABRIEL GAMA-ANTUNIZ, also known as
Juan Valentin-Mendoza,

Defendant-
Appellant.

-----------------------------------------------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. DR-02-CR-640-1-AML
-----------------------------------------------------------

Before SMITH, DeMOSS AND STEWART, Circuit Judges.

PER CURIAM:[*]

Gabriel Gama-Antuniz appeals his conviction and sentence for being an alien unlawfully found

in the United States after deportation after having been convicted of an aggravated felony in violation

of 8 U.S.C. § 1326(a).

---

[*]    Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

For the first time on appeal, Gama-Antuniz argues that the district court's imposition of a $1,000 fine was reversible error in light of the finding in the Presentence Investigation Report that he is unable to pay a fine. The district court's determination that Gama-Antuniz has the future ability to pay the fine through prison earnings is not plain error. See United States v. Rodriguez, 15 F.3d 408, 414-17 (5th Cir. 1994).

Also for the first time on appeal, Gama-Antuniz argues that his guilty plea is invalid because the district court failed to comply with the requirements of FED. R. CRIM. P. 11 in failing to explain the nature of the offense and determine that there was an adequate factual basis for his plea. Gama-Antuniz contends that the district court should have admonished him that his prior aggravated felony conviction would be used to enhance his sentence under 8 U.S.C. § 1326(b)(2).

The requirement of FED. R. CRIM. P. 11(b)(1)(G) to inform the defendant of the nature of the charge is fulfilled when the defendant is informed of the elements of the offense charged. United States v. Lujano-Perez, 274 F.3d 219, 224 (5th Cir. 2001). In Almendarez-Torres v. United States, 523 U.S. 224, 226 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, and not elements of the substantive crime set forth in 8 U.S.C. § 1326(a).

Gama-Antuniz's indictment set forth the requisite elements of his violation of 8 U.S.C. § 1326(a). His indictment was read at his rearraignment and he affirmed that he understood the charge and that he had discussed the charge with his attorney. Also at Gama-Antuniz's rearraignment, the Government prosecutor recited the factual basis for Gama-Antuniz's plea, which included all of the elements of 8 U.S.C. § 1326(a), and Gama-Antuniz admitted to the facts as true. There was no error. See Lujano-Perez, 274 F.3d at 225-26; United States v. Gobert, 139 F.3d 436, 439 (5th Cir. 1998).

Gama-Antuniz argues further that 8 U.S.C. § 1326(b) is unconstitutional because it does not require the fact of a prior felony or aggravated felony conviction to be charged in the indictment and proved beyond a reasonable doubt. He argues further that because his indictment did not allege the fact of his prior aggravated felony conviction as a separate element of the offense, the indictment charged him only with an offense under 8 U.S.C. § 1326(a) rather than 8 U.S.C. § 1326(b), and his maximum punishment is limited to two years.

Gama-Antuniz attempts to distinguish Almendarez-Torres factually on the ground that the Supreme Court in Apprendi v. New Jersey, 530 U.S. 466, 487-88 (2000), limited its holding in Almendarez-Torres to cases in which the defendant specifically pleaded guilty to the predicate felony used to enhance his sentence under § 1326. Gama-Antuniz contends that he has not pleaded guilty in this case to having committed an aggravated felony prior to his deportation. Alternatively, Gama-Antuniz asserts that, if we should decide that his arguments are foreclosed by Almendarez-Torres, he wishes to preserve the issues for Supreme Court review in light of Apprendi, which he maintains cast into doubt the continued validity of Almendarez-Torres.

Apprendi did not overrule Almendarez-Torres or limit its holding to cases in which the defendant admits having committed the predicate felony prior to pleading guilty. See Apprendi, 530 U.S. at 487-90; see also United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000). This court therefore must follow the precedent set in Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." Dabeit, 231 F.3d at 984 (internal quotation and citation omitted). Accordingly, Gama-Antuniz's arguments based upon Apprendi are foreclosed.

Thus, Gama-Antuniz has not established error, plain or otherwise, with respect to his conviction or sentence under § 1326, and his conviction and sentence are AFFIRMED.