United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40075
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

YOLANDA RODRIGUEZ-MORALES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-1525-1
--------------------

Before REAVLEY, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Yolanda Rodriguez-Morales appeals her guilty-plea conviction of transporting an undocumented alien within the United States by means of a motor vehicle for private financial gain, in violation of 8 U.S.C. § 1324(a)(1)(B)(i). Rodriguez argues that the district court committed error by failing to comply with portions of FED. R. CRIM. P. 11 and that there was insufficient evidence to support her conviction.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Where, as here, a defendant fails to object to FED. R. CRIM. P. 11 error in the district court, this court reviews for plain error. United States v. Vonn, 535 U.S. 55, 59 (2002). Rodriguez argues that the district court erred when it failed to inform her of the mandatory minimum penalty as required by FED. R. CRIM. P. 11(b)(1)(I). There is no mandatory minimum penalty for the statute of conviction. See § 1324(a)(1)(B)(i). Rodriguez also argues that the district court failed to advise her that she would be sentenced under the Guidelines and that the district court could depart from the Guidelines. The record reflects that the district court informed Rodriguez of the Guidelines as required by FED. R. CRIM. P. 11 (b)(1)(M). Rodriguez has therefore failed to demonstrate error, plain or otherwise, with respect to these issues.

Regarding her contention that there was insufficient evidence to support her conviction, Rodriguez failed to object on this basis in district court. This court's review is therefore limited to plain error. Vonn, 535 U.S. at 59; United States v. Baymon, 312 F.3d 725, 728 (5th Cir. 2002). The factual basis was sufficiently specific to allow the district court to determine that Rodriguez's conduct was within the ambit of the statute's prohibitions. United States v. Gobert, 139 F.3d 436, 439 (5th Cir. 1998). Rodriguez stated that she understood the factual basis, that it was true, and that she wished to persist in her guilty plea. Rodriguez admitted that she knowingly transported

12 aliens by means of a motor vehicle and in furtherance of their illegal status in the Untied States and for profit.  She thus admitted the elements of the charged offense.  <u>See</u> 8 U.S.C. § 1324(a)(1)(B)(i).  Her argument on this issue is without merit.

For the foregoing reasons, the judgment of the district court is AFFIRMED.